[No. F005400. Fifth Dist. Oct. 3, 1986.]

LAURA SMITH, Plaintiff and Appellant, v.
ROYAL INSURANCE COMPANY OF AMERICA,
Defendant and Respondent.

COUNSEL

Linneman, Burgess, Telles, Van Atta & Vierra and James E. Linneman for Plaintiff and Appellant.

Parichan, Renberg, Crossman & Harvey, Charles L. Renberg and Randall M. Penner for Defendant and Respondent.

OPINION

**FRANSON, Acting P. J.—**

STATEMENT OF THE CASE

Appellant Laura Smith seeks to establish coverage under an uninsured motorist clause contained in an automobile bodily injury liability policy issued by respondent Royal Insurance Company of America. The case came

to trial before the court on stipulated facts, the only question being one of law. The court entered judgment in favor of respondent. We affirm.

## STATEMENT OF THE FACTS

On August 12, 1983, the date of the accident giving rise to this litigation, appellant resided with her husband James Smith in Firebaugh. James had an automobile personal injury liability policy with respondent. Appellant was an insured under the policy. The policy contained an uninsured motorist clause with single limits of $50,000.

At the time of the accident, James was driving an automobile registered to Manuel Pacheco. Appellant's parents, Connie and Louie Cruz, were passengers in the automobile. The automobile collided with an uninsured vehicle, resulting in the death of Louie Cruz and injuries to Connie Cruz.

Pacheco's automobile insurance policy paid $15,000 on its uninsured motorist clause to the heirs of Louie Cruz. Appellant received $1,000 of this money. Louie Cruz also had an automobile insurance policy with uninsured motorist coverage. That policy paid $50,000 for Connie Cruz's injuries and Louie Cruz's death. Louie Cruz's heirs, including appellant, assigned their interest in this policy to their mother, Connie Cruz. Respondent was not the insurer on either Cruz's or Pacheco's policy.

Pacheco's car was not an automobile described in James Smith's policy. The Cruzes did not reside with James Smith and appellant, and were not insured under their policy.

## DISCUSSION

*Insurance Code section 11580.2 does not require that appellant recover damages for the wrongful death of her father.*

The recovery sought by appellant is not provided for in the uninsured motorist section of her insurance policy. That section provides only for recovery for bodily injury "[s]ustained by a covered person"; since appellant was not injured in the accident, she does not come within the policy definition.

Instead, appellant claims that the policy fails to comport with Insurance Code section 11580.2,[1] which sets forth the minimum requirements for uninsured motorist coverage. Section 11580.2, subdivision (a)(1) provides in part: "No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in this state . . . unless the policy contains . . . a provision . . . insuring the insured, the insured's heirs or legal representative for all sums . . . which he, she, or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. . . ."

The thrust of appellant's argument is that the statutory language permits recovery even where the insured is not the injured party. So long as the insured (in this case appellant under her husband's policy) has a cause of action for wrongful death against an uninsured motorist the insurer is liable, according to appellant. Thus, respondent's policy, by restricting recovery to situations where a "covered person" sustains bodily injury, would be narrower in its coverage than is permitted by the statute.

Subdivision (a)(1), which contains the language at issue, is ambiguous. It may be read as appellant suggests; on the other hand, the language may be interpreted as permitting the insured to recover for bodily injury, and allowing only the insured's heirs or legal representative to recover for the insured's wrongful death. Thus, we must construe the statute to ascertain the legislative intent.

■ The fundamental rule of statutory interpretation is to effectuate the purpose of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ The primary objective of the California uninsured motorist statute is to provide financial protection for bodily injury or wrongful death suffered by *the insured* and caused by an uninsured motorist. As stated by the California Supreme Court in *Metz* v. *Universal Underwriters Ins. Co.* (1973) 10 Cal.3d 45, 53 [109 Cal.Rptr. 698, 513 P.2d 922]: "We have uniformly held that 'the *entire* automobile financial responsibility law must be liberally construed to foster its main objective of giving "monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others."' (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962), *supra*, 58 Cal.2d 142, 153; *Barrera* v. *State Farm Mut. Automobile Ins. Co.* (1969) 71 Cal.2d 659, 671 . . . .)"

---

[1]Hereinafter all code references are to the Insurance Code unless otherwise noted.

Clearly, appellant is not an insured who suffered bodily injury or wrongful death. Thus, under the statute and pursuant to legislative intent, she is not entitled to recover under her policy.

Although not properly categorized as "legislative" history, the following correspondence between the Legislative Counsel's office and the author of the 1963 amendment to section 11580.2, which added to subdivision (a)(1) the language referring to the insured's heirs and wrongful death recovery, is informative. Originally, the addition to subdivision (a)(1) was to specify that "upon the *death of an insured* caused by the wrongful act or neglect of an owner or operator of an uninsured motor vehicle the heirs or personal representative of such an insured shall have an action on the policy under the terms and provisions of Section 377 of the Code of Civil Procedure." (Italics added, Ops. Cal. Legis. Counsel, No. 7230 (Feb. 7, 1963) Uninsured Motorist Coverage, p. 2.) A deputy legislative counsel analyzing the proposed amendment noted: "It is apparent from the foregoing discussion that the proposed amendment of the uninsured motorist provisions would not create a basis of recovery which is not now available. The only real difference is that the primary right to pursue a recovery under a policy carrying uninsured motorist coverage would be created in the heir of an insured. Thus, where heirs would otherwise have shared in any recovery obtainable by an insured's legal representative, they would be able to pursue their claims directly. [¶] It is suggested that the same result could be achieved by amending Section 11580.2 to 'insure the insured, his legal representative, or heir' rather than the 'insured or his legal representative.'" (*Id.*, at p. 4.)

After some tinkering with the language, the proposed amendment to subdivision (a)(1) read essentially as the subdivision reads today. The language was again examined by the same deputy legislative counsel, who stated that "the language added appears to be intended to expressly state that recovery shall be had for *the insured's wrongful death.*" (Italics added, Ops. Cal. Legis. Counsel, No. 14145 (Apr. 10, 1963) Uninsured Motorist Coverage, p. 4.)

Section 11580.2 was intended to insure against physical injury to those named as insured in the statute or the insurance policy. Even a liberal construction of the statute in favor of that objective does not mandate recovery on these facts, as respondent neither intended nor was required to provide coverage for wrongful death when neither the decedent nor the car in which he was riding was insured by respondent.

Appellant's argument about the "other insurance" clause violating section 11580.2, subdivision (c)(2) is mooted by our ruling above.

The judgment is affirmed.

Woolpert, J., and Ballantyne, J., concurred.