**FARMERS INSURANCE EXCHANGE,**
**Plaintiff–Appellee,**

v.

**Phillip CHACON, Defendant–Appellant.**

**No. 96CA0692.**

Colorado Court of Appeals,
Div. IV.

May 15, 1997.

White and Steele, P.C., John M. Lebsack, Denver, for Plaintiff–Appellee.

Madsen, Madsen, Tezak & Cohen, P.C., Joseph C. Cohen, Littleton, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Phillip Chacon, appeals the summary judgment entered in favor of plaintiff, Farmers Insurance Exchange. We affirm.

Defendant's former wife (mother) was killed in an automobile accident caused by an uninsured motorist. The car in which the mother was a passenger was not owned by

defendant and was insured by another carrier under a policy that provided uninsured motorist (UM) coverage. At the time of the accident, defendant had custody of the couple's three children and they resided with him.

Defendant submitted a claim as natural guardian and next friend of his children for the wrongful death of their mother under the uninsured motorist provisions of a policy issued to him by plaintiff. Plaintiff denied the claim and filed this action for declaratory judgment to determine if coverage existed.

The trial court entered summary judgment for plaintiff, determining that because the mother was not an insured under the policy and the children did not sustain bodily injury as a result of the accident, no coverage existed under the unambiguous terms of the policy.

## I.

Defendant contends that the trial court erred in determining that the terms of plaintiff's policy were not ambiguous. More specifically, he argues that because the policy contains language that might be deemed conflicting or inconsistent, such language must be construed favorably to defendant. We are not persuaded.

Summary judgment is a drastic remedy and should be granted only upon a showing that there is no genuine issue as to any material fact. A non-moving party is entitled to the benefit of all favorable inferences that reasonably may be drawn from the undisputed facts. All doubts must be resolved against the moving party. *Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

Insurance policies are contracts and are to be construed according to the general rules for construction of contracts. *Kinsella v. Farmers Insurance Exchange,* 826 P.2d 433 (Colo.App.1992). The rights and duties of the parties to an automobile insurance contract are determined by the terms and conditions contained within the insurance policy. *Lopez v. Dairyland Insurance Co.,* 890 P.2d 192 (Colo.App.1994).

In interpreting the language of an insurance policy, a reviewing court has a duty to examine the contract as a whole. The determination of whether an ambiguity exists in the contract is a question of law for the reviewing court. *State Farm Mutual Automobile Insurance Co. v. Mendiola,* 865 P.2d 909 (Colo.App.1993).

## A.

Plaintiff first argues that the general policy definition of "bodily injury" as "bodily injury to or sickness, disease, or death of *any person*" (emphasis added) conflicts with the more specific provision that limits UM coverage to only "bodily injury sustained by *the insured person.*" (emphasis added).

However, in our view, the general definition of bodily injury is intended to apply to all forms of coverage provided under the policy unless restricted for the purpose of a particular type of coverage. *See Ryder Truck Rental, Inc. v. Guaranty National Insurance Co.,* 770 P.2d 1380 (Colo.App. 1989). Liability coverage under the policy is plainly intended to extend to bodily injuries suffered by persons who are not insureds under the terms of the policy. Accordingly, because it is intended to be applied to liability coverage as well as to other coverages provided under the policy, the general definition of "bodily injury" is necessarily comprehensive.

The specific provision applying to UM coverage, on the other hand, is more limited. That language restricts UM coverage to bodily injury suffered by persons insured under the policy. Hence, we perceive no conflict between the two provisions.

## B.

Defendant also argues that plaintiff's denial of coverage for a wrongful death claim is in conflict with the policy's general language in the section describing limits of liability stating that: "[A]ny claim for loss of consortium or injury to the relationship arising from [bodily injury] shall be included within this limit." He argues that this language mandates coverage for a claim such as

the one he asserts. We are not persuaded by this argument.

The uninsured motorist provision of defendant's policy provides for payment for damages an insured person is legally entitled to recover from the owner or operator of an uninsured vehicle because of bodily injury sustained by a person insured under the policy. Section 10–4–609(1), C.R.S. (1996 Cum.Supp.); *Kral v. American Hardware Mutual Insurance Co.,* 784 P.2d 759 (Colo. 1989). The limits of liability apply only to damage to a personal relationship as a result of bodily injury to an insured person. *See Spaur v. Allstate Insurance Co.,* — P.2d ——, 1996 WL 714486 (Colo.App. No. 95CA1115, December 12, 1996)(loss of consortium, as a derivative claim, is dependent on the right of the person suffering bodily injury to seek compensation).

The insured persons, here the children, did not sustain a bodily injury. Rather, their claim is derived from their mother's injury, and thus, the trial court did not err in determining that the policy unambiguously provided no coverage for defendant's claim on behalf of the children.

## II.

Defendant also contends that the trial court erred in determining that the terms of the insurance policy were not void as against public policy. He argues that plaintiff's insurance policy improperly attempted to limit the uninsured motorist insurance coverage required by the Colorado statute. We disagree.

Section 10–4–609(1)(a), C.R.S. (1996 Cum. Supp.) provides:

No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for ... any motor vehicle licensed for highway use in this state unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor

vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

The pertinent provisions of defendant's policy state:

We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

Section 10–4–609, C.R.S. (1994 Repl.Vol. 4A) requires insurers to offer their customers the opportunity to protect themselves from a loss caused by the negligent conduct of a financially irresponsible motorist. *Kral v. American Hardware Mutual Insurance Co., supra.* The language of the statute reflects the General Assembly's intent to provide a means for an insured to protect against the risk of inadequate compensation for injuries and damages incurred as the result of an automobile accident with an uninsured motorist. *Allstate Insurance Co. v. Parfrey,* 830 P.2d 905 (Colo.1992).

■■■ An unambiguous insurance contract must be given effect according to the ordinary and plain meaning of its terms. Even if a policy provision is unambiguous, it may, nevertheless, be rendered void and unenforceable if it violates public policy by attempting to dilute, condition, or limit that coverage which is mandated by statute. *Farmers Insurance Exchange v. Dotson,* 913 P.2d 27 (Colo.1996). However, a policy term is not void as against public policy simply because it narrows the circumstances under which coverage applies. *Allstate Indemnity Co. v. Gonzales,* 902 P.2d 953 (Colo.App. 1995).

■■ Section 10–4–609 does not require full indemnification of losses suffered at the hands of uninsured motorists under all circumstances. *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990).

Claims for collateral damages, though separate from the injured party's claim for his or her own personal injuries, are derivative as a consequence of an injury to another. These claims depend upon the right of the injured party to recover and are subject to the same defenses available for the underlying personal injury claim. *Kinsella v. Farmers Insurance Exchange, supra.*

Decisions by courts in other jurisdictions are split as to whether UM provisions allow recovery for the wrongful death of a person not considered an insured under the claimant's policy. Courts disallowing such recovery include *Delancey v. State Farm Mutual Automobile Insurance Co.,* 918 F.2d 491 (5th Cir.1990)(decedent's status as an insured is necessary condition for recovery); *State Farm Mutual Insurance Co. v. Wainscott,* 439 F.Supp. 840 (D.Alaska 1977)(wrongful death statute does not confer upon parent the right to bring suit except as personal representative of child's estate and personal representative is not covered under policy); *Bartning v. State Farm Fire & Casualty,* 164 Ariz. 370, 793 P.2d 127 (1990)(no coverage if person not an insured could not have collected under the policy); *Smith v. Royal Insurance Co.,* 186 Cal.App.3d 239, 230 Cal. Rptr. 495 (1986)(claimant denied coverage); *Valiant Insurance Co. v. Webster,* 567 So.2d 408 (Fla.1990)(focus should be on whether injured person had UM coverage); *Gillespie v. Southern Farm Bureau Casualty Insurance Co.,* 343 So.2d 467 (Miss.1977)(if no insured person and no insured vehicle under the policy involved in an accident, then UM coverage not available); *Livingston v. Omaha Property & Casualty Insurance Co.,* 927 S.W.2d 444 (Mo.Ct.App.1996)(express language of policy precludes coverage); and *Gaddis v. Safeco Insurance Co.,* 58 Wash. App. 537, 794 P.2d 533 (1990)(contracting parties could not have reasonably believed at time of entering into contract that UM coverage would be triggered by death of a person not an insured).

Decisions allowing recovery under such circumstances include: *Hinners v. Pekin Insurance Co.,* 431 N.W.2d 345 (Iowa 1988)(bodily injury under UM statute includes injury to person not an insured which causes damage to an insured); *Forbes v. Harleysville Mutual Insurance Co.,* 322 Md. 689, 589 A.2d 944 (1991)(children entitled to recover under father's policy for death of mother regardless of her status as insured if children are insureds and entitled to recovery under wrongful death statute); and *State Farm Mutual Automobile Insurance Co. v. Selders,* 187 Neb. 342, 190 N.W.2d 789 (1971)(father allowed recovery for wrongful death of children not residing in his household).

We adopt the reasoning of those courts that deny UM coverage for the wrongful death of a person who is not an insured under a claimant's policy. In particular, we are persuaded by the decision of the Missouri Court of Appeals in *Livingston v. Omaha Property & Casualty Insurance Co., supra.* In interpreting policy and statutory language similar to that at issue here, the *Livingston* court determined that survivors are not entitled to recover under their own UM policy for the wrongful death of a person who is not an insured under that policy.

In *Livingston,* the claimant argued that because the statute mandated UM coverage for damages which an insured is legally entitled to recover, a policy provision that limited coverage to situations in which bodily injury or death is sustained by an insured violated public policy. The *Livingston* court rejected this argument, determining that an insured's UM coverage is intended to provide indemnity for damages resulting from the insured's wrongful death payable to those persons entitled to bring a wrongful death action.

The court further determined that if UM coverage were to be extended to a claimant for a decedent who is not an insured under the claimant's policy, such coverage would unduly enlarge and create coverage where none existed under either the terms of the insurance policy or the UM statute. *Livingston v. Omaha Property & Casualty Insurance Co., supra.*

UM provisions, under the Colorado statute, provide coverage to an insured for bodily injury incurred in an automobile accident with a financially irresponsible motorist. The class of persons to be covered under the

UM provisions of a policy is intended to be as broad as the class of persons covered under the liability provisions of the policy. *Aetna Casualty & Surety Co. v. McMichael,* 906 P.2d 92 (Colo.1995). However, the statute does not compel coverage for a person who is not an insured under the terms of a policy. *See* 12 M. Rhodes, *Couch on Insurance* § 45:624 (1981)(UM statutes are not intended to create new rights in favor of the injured party, but such statutes create a new procedure for recovery, not against the tortfeasor, but against the injured party's insurer).

Had the mother lived, she could not have made a claim for her injuries under the liability provisions of defendant's policy. Her claim and any derivative claim to which the children might be entitled, which includes a wrongful death claim, would have been made under her own insurance policy. The children's claim, therefore, would necessarily be encompassed within the mother's claim against her own insurer. *See Spaur v. Allstate, supra; Satzinger v. Satzinger,* 156 N.J.Super. 215, 383 A.2d 753 (1978).

We further note that, although § 10–4–609(1)(a) specifically requires coverage for insured persons who are legally entitled to recover damages "for bodily injury, sickness, or disease, *including* death," (emphasis added) it does not specifically require coverage for a death separate and apart from bodily injury, sickness, or disease suffered by the insured person.

Thus, we conclude that exclusion of UM coverage for the wrongful death of a person who is not an insured under the terms of an insurance policy does not violate the public policy underlying UM insurance as required by § 10–4–609.

■ Here, it is undisputed that the mother was not an insured under defendant's policy. None of the children was involved in the accident or suffered bodily injury from the accident. According to the express language of the policy, and in accord with the public policy underlying the UM statute, defendant is not entitled to seek damages on behalf of his children under the UM provisions because the person injured was not an insured entitled to pursue a claim under defendant's policy, and no person insured under the policy sustained bodily injury. Thus, the trial court did not err in denying defendant's motion for summary judgment and entering summary judgment for plaintiff.

III.

Defendant lastly contends that the trial court erred in determining that the insurance policy did not deny him his reasonable expectation of coverage under the uninsured motorist provisions of the policy. We reject this contention.

■ If a policy is not ambiguous or contrary to public policy, then the rule of reasonable expectations is not applicable. This rule supplements but does not supplant the rule that insurance policies are to be interpreted according to principles of contract construction. *Spaur v. Allstate Insurance Co., supra.*

Because the plain language of the insurance policy which precludes defendant's claim is not contrary to public policy, the trial court did not err in refusing to invoke the reasonable expectations doctrine as a basis for providing coverage.

The judgment is affirmed.

BRIGGS and KAPELKE, JJ., concur.