Chester JONES and Audrey Jones, Plaintiffs–Appellants,

v.

AIU INSURANCE COMPANY, a foreign insurance company licensed in Colorado, Defendant–Appellee.

No. 00CA2364.

Colorado Court of Appeals, Div. IV.

Dec. 6, 2001.

Rehearing Denied Feb. 21, 2002.

Certiorari Denied July 22, 2002.

William P. Godsman, Denver, CO, for Plaintiffs–Appellants.

Senter Goldfarb & Rice, L.L.C., William L. Senter, Peter J. Morgan, Denver, CO, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this declaratory judgment action concerning underinsured motorist benefits, plaintiffs, Chester and Audrey Jones, appeal from a judgment entered in favor of defendant, AIU Insurance Company. We affirm.

Plaintiffs' son was killed in a one-vehicle accident in which the driver was underinsured. Plaintiffs sought underinsured motorist benefits under their policy with defendant for the wrongful death of their son. Defendant denied plaintiffs' claim because their son did not reside with them and was not an insured under the terms of the policy.

Plaintiffs instituted the present action, seeking a declaration that they were entitled to recover underinsured motorist benefits from defendant. The trial court, however, granted defendant's motion for summary judgment, concluding that the terms of the policy neither authorized recovery nor violated public policy.

On appeal, plaintiffs concede that they are not entitled to underinsured motorist benefits under the terms of the policy, which limited recovery to "bodily injury ... sustained by the insured." They contend only that this limitation in the scope of coverage is more restrictive than that required by statute and, consequently, is void as against public policy. We disagree.

We review de novo a trial court's order granting summary judgment. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251, 1256 (Colo.1995).

 An insurance contract may be void as against public policy if it dilutes, conditions, or limits statutorily mandated coverage. *Cruz v. Farmers Insurance Exchange,* 12 P.3d 307, 312 (Colo.App.2000). Whether a statute mandates coverage is a matter of statutory interpretation subject to de novo review. *See United Airlines, Inc. v. Industrial Claim Appeals Office,* 993 P.2d 1152, 1157 (Colo.2000).

Underinsured motorist (UIM) coverage is provided as part of uninsured motorist (UM) coverage pursuant to § 10–4–609, C.R.S. 2001. *See* § 10–4–609(2), C.R.S.2001 ("underinsured motorist coverage is included in the term 'uninsured motorist coverage' "); § 10–4–609(4), C.R.S.2001 ("Uninsured motorist coverage shall include coverage ·for damage for bodily injury or death which an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle.").

The General Assembly requires insurers to offer underinsured motorist coverage *to the same extent* as uninsured motorist coverage. *See Shelter Mutual Insurance Co. v. Thompson,* 852 P.2d 459, 465 (Colo.1993); *Farmers Insurance Exchange v. Walther,* 902 P.2d 930, 935 (Colo.App.1995). Indeed, the only significant difference between UM and UIM coverage is that the amount of UIM benefits takes into consideration the amount of insurance held by an underinsured motorist. *See* § 10–4–609(5), C.R.S.2001; *Freeman v. State Farm Mutual Automobile Insurance Co.,* 946 P.2d 584, 585 (Colo.App.1997).

In *Farmers Insurance Exchange v. Chacon,* 939 P.2d 517, 520, 522 (Colo.App.1997), a division of this court held that § 10–4–609 does not require UM coverage for the wrongful death of a person who is not an insured under a claimant's policy.

 We agree with the decision in *Farmers Insurance Exchange v. Chacon, supra,* and because the General Assembly makes no distinction between UM and UIM coverage, likewise conclude that § 10–4–609 does not require UIM coverage for the wrongful death of a person who is not an insured under a claimant's policy.

Plaintiffs contend otherwise, arguing that the UIM provision is broader in scope than the UM provision based upon a comparative difference in statutory language. *Compare* § 10–4–609(1)(a) (protecting "persons insured . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, *including* death")(emphasis added), *with* § 10–4–609(4) (providing insured with underinsured motorist "coverage for damage for bodily injury *or* death")(emphasis added).

However, § 10–4–609 must be read and considered as a whole and construed to give consistent, harmonious, and sensible effect to all of its parts. *See Sandoval v. Archdiocese of Denver,* 8 P.3d 598, 601 (Colo.App.2000).

Reading the UIM provision as broadly as plaintiffs suggest would, contrary to common sense, allow recovery of UIM benefits for the death of an individual who was not insured under claimant's insurance policy, who did not reside in claimant's household, and who, if he or she had survived, would not have had any right of recovery under claimant's policy. *See Temple v. Travelers Indemnity Co.,* 2000 WL 33113814 (Del.Super.Ct. No. 98C–08–088, Nov. 30, 2000), *aff'd,* 782 A.2d 267, 2001 WL 760864 (Del. No. 587, 2000, June 14, 2001). *See also Lafleur v. Fidelity & Casualty Co.,* 385 So.2d 1241, 1245 (La.Ct.App. 1980)(UM/UIM statute did not require UIM policy to cover wrongful death of third person).

Further, plaintiffs' construction of the statute would create the anomalous situation where benefits for the wrongful death of an uninsured person were not required if the motorist causing death was uninsured, but required if the motorist was underinsured.

For these reasons, we reject plaintiffs' construction of § 10–4–609. Instead, we conclude that limiting UIM benefits to bodily injuries or death sustained by a person insured by the policy does not violate § 10–4–609 and, consequently, is not void as against public policy.

Accordingly, the judgment is affirmed.

Judge DAVIDSON and Judge RULAND concur.