2003 OK CIV APP 10

**Derrick LONDON, Jr., a Minor, by and through his Guardian, Earnestine Looney, Plaintiff/Appellant,**

v.

**FARMERS INSURANCE CO., INC., Defendant/Appellee.**

**No. 97,566.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 11, 2002.

Rex Travis, Patricia Travis, Oklahoma City, for Plaintiff/Appellant.

Neil D. Van Dalsem, King, Taylor & Ryan, Tulsa, for Defendant/Appellee.

Opinion by BAY MITCHELL, Judge.

¶1 Derrick London, Jr., a minor, by and through his guardian, Earnestine Looney, Plaintiff/Appellant, seeks review of an order granting summary judgment in favor of Farmers Insurance Co., Inc., Defendant/Appellee or "Farmers". The judgment denied uninsured motorist (UM) benefits to Derrick under his maternal grandmother's (Earnestine Looney) policy with Farmers.

¶2 In 1999, Derrick had lived with his maternal grandmother, Earnestine Looney, for several years. The grandmother had an insurance policy with Farmers which included uninsured motorist (UM) coverage for grandmother and her family members. The policy defined "family member" as a person related to the insured by blood, marriage or adoption, who resides in the insured's household. Derrick was thus an insured under his

grandmother's policy. During the time Derrick resided with his grandmother, his father was killed when father's motorcycle collided with an automobile driven by an uninsured motorist. Derrick's father was not a member of grandmother Earnestine Looney's household.

¶ 3 On Derrick's behalf a claim was filed with Farmers by Appellant/grandmother alleging he was entitled to recover UM benefits under grandmother's policy because his father's death was caused by an uninsured motorist. She relied upon 36 O.S. Supp.1994 § 3636(B) (since amended, with changes not material here), which provides in pertinent part:

> The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of *persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* and hit-and-run motor vehicles *because of bodily injury, sickness or disease, including death resulting therefrom.* . . . .

(emphasis added).

¶ 4 Farmers denied Appellant's claim for benefits and relied on the UM portion of Appellant grandmother's policy which stated that Farmers would pay benefits to:

> . . . an **Insured person** [who] is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **Insured person.** The **bodily injury** must be caused by **accident** and arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

(emphasis in original). "Death" is included in the policy's definition of "bodily injury".

¶ 5 Appellant/grandmother brought this action seeking recovery of the UM benefits for Derrick. In response, Farmers filed a motion for summary judgment on the grounds that UM benefits for the death of a person who was not an insured under the policy was not permitted by the terms of the policy. Further, the language of 36 O.S. Supp.1994 § 3636(B) did not require an insurer to extend UM coverage to that situation where a **non-insured** person was killed.

Undisputed material facts included that Derrick's father was not living in the grandmother Earnestine Looney's household at the time of his death, and grandmother's car was not involved in the accident. Appellant responded and filed her own motion for partial summary judgment. Appellant did not dispute the facts, but alleged that 36 O.S. Supp. 1994 § 3636(B) allowed recovery.

¶ 6 Summary judgments are reviewed *de novo. Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053. Summary judgment is appropriate only where it appears there is no substantial controversy as to any material fact *and that one party is entitled to judgment as a matter of law. Post Oak Oil Company v. Stack & Barnes,* 1996 OK 23, 913 P.2d 1311, 1313, citing *Daugherty v. Farmers Coop. Ass'n,* 1984 OK 72, 689 P.2d 947; *Crockett v. McKenzie,* 1994 OK 3, 867 P.2d 463; *First State Bank v. Diamond Plastics Corp.,* 1995 OK 21, 891 P.2d 1262. The facts being undisputed, the question is one of law. "Because the issue on review, how to interpret a statute, is one of law, we will examine the trial court's ruling independently and without deference to the trial court's ruling." *Fink v. State, ex rel. Dept. of Public Safety,* 1992 OK CIV APP 169, 852 P.2d 774, 776, citing *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

¶ 7 We first examine the UM portion of the policy for ambiguities. "The interpretation of an insurance contract and whether it is ambiguous is a matter of law for the Court to determine and resolve accordingly." *Dodson v. St. Paul Ins. Co.,* 1991 OK 24, 812 P.2d 372, 376. Unless the insurance contract is ambiguous, it should be construed according to its terms, as is true of any other contract. *Frank v. Allstate Ins. Co.,* 1986 OK 42, 727 P.2d 577. We find no ambiguities in the UM language of this policy set out in paragraph 4 above.

¶ 8 However, even if a policy provision is unambiguous, it may be void and unenforceable if it is contrary to public policy. Appellant contends if the language of the statute were followed, UM benefits would be available under the policy. She argues

that the UM language of the policy improperly limits the intent of the UM statute rendering the policy language void as against public policy. Policy language, however, is not *automatically* void as against public policy simply because it narrows the circumstances under which coverage applies.

█ ¶ 9 UM insurance is purely a creature of statute. By requiring automobile insurance carriers to offer UM coverage, unless specifically signed away by the insured, the legislature expressed a recognizable public policy that UM insurance be available to victims of negligent uninsured or underinsured drivers. This public policy overrides private agreements that restrict coverage. Since its inception in 1968, attempts to limit the statute by policy exclusions, have been repeatedly rejected as contrary to public policy. See, *e.g.*, *Keel v. MFA Ins. Co.*, 1976 OK 86, 553 P.2d 153 (clauses in policy purporting to exclude stacking of UM coverages in multiple policies are contrary to public policy); *Cothren v. Emcasco Ins. Co.*, 1976 OK 137, 555 P.2d 1037 (provision excluding UM coverage for personal injury sustained while occupying an owned vehicle not listed or described in the policy was void as against public policy); *Biggs v. State Farm Mutual Ins. Co.*, 1977 OK 135, 569 P.2d 430 (automobile policy requiring physical contact with hit-and-run vehicle for UM coverage would defeat purpose of UM statute); *Lake v. Wright*, 1982 OK 98, 657 P.2d 643 (anti-stacking clause contrary to public policy); *Chambers v. Walker*, 1982 OK 128, 653 P.2d 931 (policy provisions reducing insurer's liability under UM coverage by amount paid insured as workers' compensation benefits were in derogation of legislative purpose contained in UM statute and therefore void); *Uptegraft v. Home Ins. Co.*, 1983 OK 41, 662 P.2d 681 (policy provision barring recovery where statute of limitations had run against tort-feasor was void under statute); *State Farm Mut. Auto. Ins. Co. v. Wendt*, 1985 OK 75, 708 P.2d 581 (policy provisions excluding named insured, residents of insured's household and insured motor vehicle from UM coverage conflict with UM statute and are void); *State Farm Auto. Ins. Co. v. Greer*, 1989 OK 110, 777 P.2d 941 (definition of "uninsured motor vehicle," which excluded

vehicle owned by any government was void as against public policy).

¶ 10 The specific question before us has not been addressed by the Oklahoma Supreme Court. Decisions by courts in other jurisdictions with similar UM statutes are split as to whether UM recovery will be allowed for the wrongful death of a person not considered an insured under the claimant's policy. The majority of the courts do not allow such recovery and include: e.g., *Farmers Ins. Exchange v. Chacon*, 939 P.2d 517 (Colo.Ct.App.1997) (no UM coverage for children of mother who was killed in accident where policyholder was former spouse of mother; mother was not an insured under the policy and children were neither involved in nor suffered bodily injury from accident); *Livingston v. Omaha Property & Casualty Insurance Co.*, 927 S.W.2d 444 (Mo.Ct.App. 1996) (express language of policy precludes coverage); *Gaddis v. Safeco Insurance Co.*, 58 Wash.App. 537, 794 P.2d 533 (1990) (contracting parties could not have reasonably believed at time of entering into contract that UM coverage would be triggered by death of a person not an insured); *Bartning v. State Farm Fire & Casualty*, 164 Ariz. 370, 793 P.2d 127 (1990) (no coverage if deceased was not an insured under the policy from which UM benefits were sought); *Valiant Insurance Co. v. Webster*, 567 So.2d 408 (Fla.1990) (focus should be on whether injured person had UM coverage); *Smith v. Royal Insurance Co.*, 186 Cal.App.3d 239, 230 Cal.Rptr. 495 (1986) (no coverage); *Gillespie v. Southern Farm Bureau Casualty Insurance Co.*, 343 So.2d 467 (Miss.1977) (if accident involves no person or vehicle insured under the policy then UM coverage not available); and *State Farm Mutual Insurance Co. v. Wainscott*, 439 F.Supp. 840 (D.Alaska 1977).

¶ 11 In contrast, decisions allowing recovery under such circumstances include: *Forbes v. Harleysville Mutual Insurance Co.*, 322 Md. 689, 589 A.2d 944 (1991) (children entitled to recover under father's policy for death of mother regardless of her status as insured if children are insureds and entitled to recovery under wrongful death statute); *Hinners v. Pekin Insurance Co.*, 431 N.W.2d 345 (Iowa 1988) (bodily injury under

UM statute includes injury to person not an insured which causes damage to an insured); *Sexton v. State Farm Mut. Auto. Ins. Co.*, 69 Ohio St.2d 431, 433 N.E.2d 555 (1982) (father was allowed recovery from his own UM carrier on claim as result of his daughter's death in automobile accident while she was passenger in car whose driver had no liability insurance and was at fault); *State Farm Mutual Automobile Insurance Co. v. Selders*, 187 Neb. 342, 190 N.W.2d 789 (1971) (father allowed recovery from his UM carrier for wrongful death of children not residing in his household).[1]

¶ 12 We adopt the reasoning of those courts that deny UM coverage for the wrongful death of a person who is not an insured under a claimant's policy. We hold survivors are not entitled to recover under their own UM policy for the wrongful death of a person who is not an insured under that policy. We reject Appellant's argument that this conclusion violates public policy. The policy provision allowing recovery for UM benefits is intended to provide indemnity for damages resulting from an *insured's* wrongful death payable to those persons entitled to bring a wrongful death action. If UM coverage were to be extended for a decedent who is not an insured under the claimant's policy, such coverage would create coverage where none existed under either the terms of the insurance policy or the UM statute. See generally, *Farmers Ins. Exchange v. Chacon, supra;* and *Livingston v. Omaha Property & Casualty Insurance Co., supra.*

¶ 13 In the instant case, if Derrick's father had lived, father's UM claim would have been made under his own insurance policy. In that case, any derivative claim which Derrick might have would be included with the father's claim against father's insurer. Father clearly could not have made a UM claim for his injuries under the policy of his son's maternal grandmother. Although 36 O.S. Supp.1994 § 3636(B) specifically requires coverage for insured persons who are legally entitled to recover damages because of "bodily injury, sickness or disease, including death", it does not require coverage for

the death of one who is not an "insured person". UM coverage is simply not available for the death of a person who is not an insured under the claimant's policy and this does not violate the public policy underlying 36 O.S. § 3636.

¶ 14 Here, it is undisputed that the father was not an insured under the policy insuring his son, Derrick. Derrick was not involved in the motorcycle accident and suffered no bodily injury therefrom. Thus, neither Derrick, nor his grandmother on his behalf, was entitled to recover UM proceeds from Farmers. The trial court did not err in granting Farmers' motion for summary judgment and in denying partial summary judgment for Appellant.

¶ 15 AFFIRMED.

HANSEN, P.J. and ADAMS, J., concur.

---

[1] We note that in both Nebraska and Ohio, subsequent to the above cases, the legislatures amended their UM statutes to disallow recovery in similar circumstances.