Norman IVEY, Appellant–Plaintiff,

v.

**MASSACHUSETTS BAY INSURANCE COMPANY, Appellee–Defendant.**

No. 49A02–8909–CV–478 [1].

Court of Appeals of Indiana,
First District.

April 10, 1991.

Dennis P. Lee, Indianapolis, for appellant-plaintiff.

Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee-defendant.

STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Norman Ivey appeals the summary judgment for Massachusetts Bay Insurance

1. This case was reassigned to this office on January 2, 1991.

Company ("MBIC"), which dismissed Ivey's action for declaratory judgment for rights under an insurance policy. We affirm.

## ISSUES

1. Whether this court has jurisdiction to review Ivey's appeal.

2. Whether the court erred in failing to make special findings of fact and conclusions of law.

3. Whether the trial court erred in granting MBIC's motion to dismiss.

## FACTS

Ivey's appeal arises from an action for declaratory judgment to determine the rights based upon an automobile insurance policy issued by MBIC naming Ivey as the insured. The policy covered bodily injury, property damage, medical payments, and payments for "uninsured motorist-each person $50,000".

Ivey sought payment under the policy for the death of his wife, Mary. Mary was killed in an automobile collision by an uninsured motorist on August 17, 1986. At the time, Ivey and Mary were separated, Mary was driving her own automobile which was not covered by Ivey's policy. Ivey contends he has suffered injury by his wife's death in an automobile accident by an uninsured motorist; therefore, his insurance policy should pay, up to the policy limit, for his damages, ie., payment of Mary's funeral expenses, support of their minor son, and damages for his lost opportunity for reconciliation with his wife.

## DISCUSSION AND DECISION

*Issue One*

 MBIC claims Ivey has waived his right to appeal the dismissal of his action because of untimely filings of documents. The judgment in this case was entered February 27, 1989. In 1989, the Indiana Supreme Court amended the trial and appellate rules in January and February. The

January rules required Ivey to file a motion to correct errors within 60 days of the judgment. *See* Ind.Trial Rule 59. The February amendment of T.R. 59 reduces the period to 30 days. Ivey filed his motion to correct errors 58 days after judgment was entered. The supreme court entered an order allowing appellants to follow either the January or February rules in 1989. *See* Order (March 16, 1989), Ind. No. 95S00–8903–MS–225. Therefore, Ivey timely filed his motion to correct errors pursuant to the January rules.

After the court denied the motion on May 23, Ivey filed his praecipe on June 21 and the record on September 18. The January rules required the record to be filed within 90 days after the ruling on the motion to correct errors. *See* Ind.Appellate Rule 2(C). The February amendment to App.R. 2(C) provides that the record be filed within 90 days of the filing of the praecipe. Ivey filed the record 118 days after the motion to correct errors was denied and 89 days after the filing of the praecipe. Consequently, MBIC contends Ivey failed to file the record timely under the January rules and waived his right to appeal. Although Ivey's filing of the record is untimely under the January rule, it is timely under the February amendment.

Due to the confusion created by the changes of the rules in such a short period of time, our supreme court permitted appellants to follow either the January or February rules during 1989. We will not set traps for the unwary who timely filed part of their appeal under the January rules and part of their appeal under the February amendments. *See T.M. v. D.T.* (1989), Ind., 547 N.E.2d 838, 839 (supreme court found record filed timely under February amendments although appellant had relied on January rules to file motion to correct errors). "A case on appeal should be considered on the merits whenever possible." *Id.* (citation omitted). We find that the record was filed timely and that we have jurisdiction to consider Ivey's appeal.[2]

2. Similarly, we find Ivey's failure to file a preappeal statement does not waive his appeal, because the filing of a pre-appeal statement is

permissive, not mandatory, in the February amendment of App.R. 2(C).

*Issue Two*

■ Ivey maintains he requested special findings of fact and conclusions of law. T.R. 52(C) requires the court to make special findings if requested. Ivey claims the court failed to do so and seeks reversal of the dismissal and reinstatement of his action. Ivey's complaint states:

> "Comes now [Ivey], by counsel ... asks this Court to determine the rights of the parties based upon the following facts...."

Ivey asserts that the above constitutes his request for special findings and conclusions. We find such statement merely requests a determination of rights under the policy. *See Flynn v. Reberger* (1971), 149 Ind.App. 65, 67–68, 270 N.E.2d 331, 333 ("defendant now renews his motion that there be a finding for the defendant and against the plaintiff" was not a request for findings pursuant to T.R. 52). If special findings are not requested, the trial judge is not obligated to make such findings. *E.W.R. v. T.L.C.* (1988), Ind.App., 528 N.E.2d 106, 108, *trans. denied.* Ivey did not request special findings; therefore, we find no error on this issue.

*Issue Three*

■ Ivey contends the trial court erred in dismissing his declaratory action for several reasons. We review the trial court's dismissal of the complaint to determine if the complaint stated any set of allegations upon which the trial court could have granted relief. *See Smith v. Smith* (1989), Ind.App., 547 N.E.2d 297, 299. A complaint will withstand a 12(B)(6) motion to dismiss unless it appears the plaintiff is not entitled to relief under any circumstances. *Speckman v. City of Indianapolis* (1987), Ind.App., 508 N.E.2d 1336, 1339–40, *modified,* Ind., 540 N.E.2d 1189.

■ Ivey's complaint alleges he has been damaged by the wrongful death of his wife. Ivey demanded payment under his insurance policy, as he interprets IND. CODE § 27–7–5–2 *et seq.* requires MBIC to

protect him to the same extent that he would have been protected if the motorist causing his wife's death had been insured. MBIC refused payment denying the policy covers his claim.

I.C. § 27–7–5–2(a)(2) provides that an insurance policy must include coverage for bodily injury for the protection of the insured who is legally entitled to recover damages from uninsured owners or operators because of bodily injury resulting therefrom. The policy issued by MBIC to Ivey provides such coverage. However, Ivey fails to show that he is legally entitled to recover damages from the uninsured and that he suffered bodily injury. Ivey does not contend his wife is an insured under the policy. The policy states:

> "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by a covered person; and 2. Caused by an accident."

Record at 18–19. To be legally entitled to recover from the uninsured motorist, Ivey must be able to recover damages for the wrongful death of his wife from the uninsured motorist. *Bocek v. Inter–Insurance Exchange of the Chicago Motor Club* (1977), 175 Ind.App. 69, 70–76, 369 N.E.2d 1093, 1095–98. In *Bocek,* the insured's uninsured motorist claim failed because there was no legal entitlement to recover damages where the underlying right of action no longer existed. The *Bocek* court held that any rights under the insurance policy were derivative of the right to pursue a wrongful death action. *Id.* at 74–76, 369 N.E.2d at 1096–98. Ivey has failed to preserve a wrongful death claim [3], because no personal representative has been appointed within two years. IND.CODE § 34–1–1–2. Hence, the underlying right of action is no longer available, and Ivey is no longer legally entitled to recover damages from the uninsured motorist. Therefore, Ivey does not meet the insurance statute or policy requirement that he be legally

---

**3.** Ivey concedes that an estate was not opened to pursue the assets of the uninsured motorist.

*See* Appellant's Brief at 17.

entitled to recover from the uninsured motorist.

 In regard to bodily injury, the policy specifically requires that bodily injury be sustained by a covered person. Ivey's wife is not a covered person under the policy terms because she was not living in the same household as Ivey, nor was she driving Ivey's vehicle. Ivey did not sustain any bodily injury. Therefore, we find Ivey failed to state a claim for which relief could be granted, and the trial court properly dismissed his action.

Affirmed.

ROBERTSON and BUCHANAN, JJ., concur.