Maggie BUSH and Leonard Bush,
Appellants–Plaintiffs,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee–Defendant.

No. 71A03–0706–CV–286.

Court of Appeals of Indiana.

March 20, 2008.

Edmond W. Foley, South Bend, IN, Attorney for Appellants.

Michael P. Blaize, Crown Point, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Maggie Bush and Leonard Bush ("the Bushes") appeal the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). They raise two issues, of which we find one dispositive: whether State Farm's automobile policy violates Indiana's uninsured motorist statute because it requires that an insured sustain bodily injury and not just damages as a result of the conduct of an uninsured motorist before uninsured motorist benefits are available.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On March 10, 2004, Leonard Bush, Jr. ("Leonard"), the Bushes' adult son, was killed in a single vehicle automobile accident that occurred in New Mexico. The vehicle in which Leonard was a passenger was being driven by Arnett Washington who was uninsured. Washington was negligent in causing the accident. Leonard was not a resident of the Bushes' household and did not have a policy of automobile insurance, which provided coverage for the accident. At the time of Leonard's death, the Bushes maintained an automobile insurance policy with State Farm. The policy contained coverage for accidents involving uninsured motorists, and the parties stipulated that Washington met the definition of an "uninsured motorist" under the State Farm policy.

The Bushes submitted a claim to State Farm for uninsured motorist benefits to compensate them for the damages they suffered as a result of the loss of their son. State Farm denied the claim because Leonard was not an insured under the policy as he was not a resident of his

parents' household at the time of his death and because the Bushes did not suffer "bodily injury" as defined under the policy. On May 10, 2006, the Bushes filed a complaint for breach of contract and declaratory judgment, alleging that Indiana's uninsured motorist statute requires that there be coverage for the damages they suffered as a result of the conduct of an uninsured motorist and that State Farm's policy must comply with the statute. They also contended that the definition of "bodily injury" under the policy was ambiguous and that it should be interpreted in their favor to encompass the loss they suffered as a result of the death of their son. Both sides filed motions for summary judgment, and after a hearing on these motions, the trial court granted State Farm's motion, determining that there was no genuine issue of material fact because Leonard was not an insured under the policy because he did not reside with the Bushes at the time of the accident. *Appellant's App.* at 5. The Bushes now appeal.

## DISCUSSION AND DECISION

When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is only appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Jacobs v. Hilliard,* 829 N.E.2d 629, 632 (Ind. Ct.App.2005), *trans. denied.* On appeal, we consider all of the designated evidence in the light most favorable to the nonmoving party. *Walton v. First Am. Title Ins. Co.,* 844 N.E.2d 143, 146 (Ind.Ct.App. 2006), *trans. denied.* Our standard of review is not altered by cross-motions for summary judgment. *Ind. Ins. Co. v. Am. Cmty. Servs., Inc.,* 718 N.E.2d 1147, 1152 (Ind.Ct.App.1999). The trial court's order granting a motion for summary judgment

is cloaked with a presumption of validity, and a party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Am. Home Assurance Co. v. Allen,* 814 N.E.2d 662, 666 (Ind.Ct.App.2004), *trans. dismissed* (2005).

The Bushes argue that the trial court erred when it granted State Farm's motion for summary judgment because State Farm's automobile policy violates Indiana's uninsured motorist statute. They specifically contend that the language in the policy that purports to limit recovery of damages to instances where bodily injury was sustained by the insured is in violation of the statute and therefore void. The Bushes claim that they are persons who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle and that the policy language is void because it attempts to limit their recovery provided under the uninsured motorist statute.

■■■ "Generally, an insurer has the right to limit its coverage of risks and its liability, and in so doing may impose exceptions, conditions, and exclusions upon its contractual obligations that are not inconsistent with public policy." *Am. Family Mut. Ins. Co. v. Federated Mut. Ins. Co.,* 775 N.E.2d 1198, 1206 (Ind.Ct.App. 2002). A contract will be declared void when it actually contravenes a statute. *Id.*

■■■ The purpose of uninsured motorist coverage is to make available the same protection to a person injured by an uninsured motorist, as he would have enjoyed if the offending motorist had carried liability insurance. *Rice v. Meridian Ins. Co.,* 751 N.E.2d 685, 690 (Ind.Ct.App.2001), *trans. denied.* "'Any language in the insurance policy which limits or diminishes the protection required by statute is con-

trary to public policy.' " *Greenfield v. Allstate Pers. Prop.*, 806 N.E.2d 856, 860 (Ind.Ct.App.2004), *trans. denied* (quoting *Whitledge v. Jordan*, 586 N.E.2d 884, 886 (Ind.Ct.App.1992), *trans. denied* ). A policy violates the uninsured motorist statute when it specifically limits coverage as to persons who would otherwise qualify as insureds for liability purposes. *Id.*

■ Indiana's uninsured motorist statute states in pertinent part:

(a) The insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage:

(1) in limits for bodily injury or death ... not less than those set forth in IC 9–25–4–5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death....

IC 27–7–5–2(a)(1). Therefore, the statute mandates coverage (1) for the protection of persons insured under the policy (2) who are legally entitled to recover damages because of bodily injury, sickness, or disease, including death, (3) from the owner or operator of an uninsured motor vehicle.

■ The Bushes were insured through a policy with State Farm, which contained uninsured motorist coverage stating:

We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle.** The **bodily injury** must be sustained by an **insured** and caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle.**

*Appellant's App.* at 96. Under this policy, "insured" means the first person named in the declarations, his or her spouse, and their relatives. *Id.* at 97. "Relatives" is defined as a person who is related to the person named in the declarations or that person's spouse by blood, marriage, or adoption, and who resides primarily with the person named in the declarations. *Id.* at 88. The policy language attempts to limit uninsured motorist coverage only to situations where an insured has sustained bodily injury.

State Farm contends that its policy limitation is not inconsistent with Indiana public policy and that an identical restriction was upheld in *Armstrong v. Federated Mutual Insurance Co.*, 785 N.E.2d 284 (Ind.Ct.App.2003), *trans. denied.* In that case, parents sued their insurance carrier for underinsured motorist benefits resulting from an automobile accident in which their daughter was killed. *Id.* at 286. The parents' insurance policy contained language that limited recovery of underinsured benefits to damages that an insured is legally entitled to recover from an underinsured motorist because of bodily injury. *Id.* They claimed damages for the loss of love and companionship of their daughter. *Id.* After a jury verdict in favor of the insurance carrier, the parents appealed, arguing that the loss of love and companionship they suffered from the death of their daughter was a " 'bodily injury encompassed in the language of the underinsured motorist insuring agreement.' " *Id.* at 291 (quoting *Appellant's Br.* at 22). This court found that the term "bodily

injury" was not ambiguous and concluded that the loss of love and companionship was not a "bodily injury." Although it was concluded that the parents were not entitled to recover damages under their underinsured motorist coverage because neither of them "suffered a physical impact in the accident that took [their daughter's] life," this court did not consider whether the requirement of bodily injury to the insured in the policy was a violation of Indiana's *uninsured motorist statute. Id.* at 293. Therefore, it was not determined if such a restriction is in violation of Indiana law.

In the present case, we conclude that the language in State Farm's policy, which purports to limit recovery of uninsured motorist benefits only to situations where the insured sustains bodily injury, violates Indiana's uninsured motorist statute. As stated above, the statute mandates coverage (1) for the protection of persons insured under the policy (2) who are legally entitled to recover damages because of bodily injury, sickness, or disease, including death, (3) from the owner or operator of an uninsured motor vehicle. Here, the Bushes are persons insured under the policy, as they are the named insureds on the declarations page of the insurance policy. They are legally entitled to recover damages because of the death of Leonard. Pursuant to IC 34–23–1–2, the Bushes were entitled to recover damages for the loss and companionship of Leonard due to his death caused by the wrongful act or omission of another person. Additionally, the operator of the vehicle that caused Leonard's death, Washington, was uninsured. Thus, the Bushes' claim falls within the purview of Indiana's uninsured motorist statute. State Farm's requirement that bodily injury must occur to an insured precludes recovery of damages that the Bushes are legally entitled to recover. The policy requirement violates the statute

and is therefore void. The trial court erred when it granted summary judgment in favor of State Farm. We reverse and remand with instructions for the trial court to enter summary judgment in favor of the Bushes.

Reversed and remanded.

ROBB, J., concurs.

BARNES, J., dissents with separate opinion.

BARNES, Judge, dissenting.

I respectfully dissent. I am unable to conclude that Indiana's Uninsured Motorist Statute requires coverage for the Bushes under these facts.

Despite the majority's holding to the contrary, I believe this case must be controlled by our decision in *Armstrong v. Federated Mutual Insurance Company,* 785 N.E.2d 284 (Ind.Ct.App.2003), *trans. denied.* There, parents of a deceased child sought to recover underinsured motorist benefits for her death in a car accident caused by an underinsured driver, even though the child did not qualify as an insured under the parents' policy. *Armstrong,* 785 N.E.2d at 291. The policy provided that it would pay " 'compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury." ' " *Id.* at 292. " 'Bodily injury' " was defined to mean "bodily harm, sickness or disease, including death that results." *Id.* Applying rules of contract interpretation, we first held that the phrase "bodily injury" unambiguously connoted "physical damage to the body such as would result from an impact upon the body by a physical force." *Id.*

Even if the phrase was ambiguous, however, we concluded after a review of other cases addressing the definition of "bodily

injury" that the parents were not entitled to recover underinsured motorist benefits for the "loss of love and companionship" of their child. *Id.* at 293. Specifically, we held "that 'bodily injury', as used in certain insurance policies, might include an injury that is non-physical in nature, but only if said injury was the result of a direct physical impact upon the insured who seeks recovery." *Id.* (citing *Wayne Township Bd. of Comm'rs v. Indiana Ins. Co.*, 650 N.E.2d 1205, 1211 (Ind.Ct.App.1995)). Because the parents themselves did not suffer any physical impact in the accident that killed their daughter, they were not entitled to recover underinsured motorist benefits for alleged damages associated with her wrongful death. I am in full agreement with *Armstrong*'s holding, because it places a logical limit upon the extent of uninsured/underinsured motorist coverage.

It is true, as the majority notes, that *Armstrong* concerned interpretation of an insurance policy, whereas here we must interpret a statute. Still, the principles governing both forms of interpretation are very similar. When interpreting a contract, our goal is to ascertain and enforce the intent of the parties, and clear and unambiguous language will be given its plain and ordinary meaning. *Id.* at 291–92. Similarly, when asked to interpret a statute we must give clear and unambiguous language its plain and ordinary meaning. *City of North Vernon v. Jennings Northwest Reg'l Utils.*, 829 N.E.2d 1, 4 (Ind.2005). Additionally, our primary goal is to determine and give effect to the intent of the legislature. *Id.* "[W]e do not presume that the Legislature intended language used in a statute to be applied illogi-

cally or to bring about an unjust or absurd result." *Id.* at 5.

The language we interpreted in *Armstrong* regarding bodily injury and damages for emotional trauma associated with a non-insured loved one's death closely parallels and is virtually identical to the language found in Indiana Code Section 27–7–5–2(a)(1). It is logical to assume that insurers have written their uninsured and underinsured motorist provisions with the requirements of this statute in mind. Absent a compelling reason to do so, I would not adhere to one interpretation of that language for purposes of policy construction and a different interpretation for purposes of statutory construction. I see no such reason here. I believe that the definition of damages an insured is "legally entitled to recover ... because of bodily injury, sickness or disease, including death" does not include damages associated with the death of a non-insured loved one. I.C. § 27–7–5–2(a)(1); *Armstrong*, 785 N.E.2d at 292. I conclude that the majority has pushed the interpretation envelope to an extreme not contemplated by the statute. I vote to affirm the judgment of the trial court.[1]

---

[1] I should also note that it is not clear to me that Indiana Code Section 34–23–1–2, our Wrongful Death Statute, controls recovery for Leonard's death; both that death and the negligent act that caused it occurred in New Mexico. Nevertheless, even if New Mexico law applied and permitted the Bushes to recover damages for Leonard's death, I believe neither the State Farm policy nor Indiana Code Section 27–7–5–2 require coverage for such damages.