ATTORNEY FOR APPELLANTS
Edmond W. Foley
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Michael P. Blaize
Crown Point, Indiana

Karl L. Mulvaney
Nana Quay-Smith
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE
INSURANCE INSTITUTE OF INDIANA, INC. AND
NATIONAL ASSOCIATION OF MUTUAL
INSURANCE COMPANIES
John C. Trimble
Richard K. Shoultz
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
May 13 2009, 2:33 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 71S03-0810-CV-558

MAGGIE BUSH AND LEONARD BUSH,

*Appellants (Plaintiffs below),*

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

*Appellee (Defendant below).*

Appeal from the St. Joseph Circuit Court, No. 71C01-0605-CT-00071
The Honorable Michael G. Gotsch, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 71A03-0706-CV-286

**May 13, 2009**

**Boehm, Justice.**

We hold that an uninsured motorist policy restricting coverage to bodily injury or death sustained by an insured does not violate Indiana's uninsured motorist statute.

**Facts and Procedural History**

On March 10, 2004, fifty-six-year-old Leonard Bush, Jr. ("Leonard") was killed as a passenger in a single-vehicle accident. The accident was caused by the negligence of the driver, who was uninsured. Leonard also had no insurance covering the accident or the vehicle.

Leonard's parents, Leonard Bush, Sr. and Maggie Bush ("the Bushes"), were not involved in the accident. The Bushes were insured under an automobile policy issued by State Farm Mutual Automobile Insurance Company that provided uninsured motorist coverage. The policy provided:

> We will pay damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to collect from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be sustained by an ***insured***. The ***bodily injury*** or ***property damage*** must be caused by accident arising out of the operation, maintenance or use of an ***uninsured motor vehicle***.

State Farm defined "insured" for purposes of its uninsured motorist coverage to include the Bushes and their "relatives," defined as persons related by blood, marriage, or adoption who "reside primarily" with them. Leonard did not reside with his parents at the time of the accident and therefore was not an "insured" under the Bushes' policy.

The Bushes sued State Farm, claiming that they sustained damages arising out of the conduct of an uninsured motorist, and State Farm's failure to provide uninsured motorist benefits was a breach of the insurance contract. The complaint did not set out whether the claim was asserted under the Adult Wrongful Death Statute, Ind. Code § 34-23-1-2 (2004), or under some other theory.[1] State Farm counterclaimed, seeking a declaratory judgment that its policy provided no coverage for Leonard's death because no "insured" sustained "bodily injury."

---

[1] Although Leonard was killed in an accident in New Mexico, the parties and amici present this case as one implicating only Indiana law, so we resolve it on that assumption.

The Insurance Institute of Indiana, Inc. and National Association of Mutual Insurance Companies, as amici curiae, point out that Indiana's Adult Wrongful Death Act authorizes only the personal representative of Leonard's estate to bring a wrongful death action, yet the Bushes have not brought this action in that capacity. Amici argue that the only claim the personal representative could bring under an uninsured motorist policy would be under an uninsured motorist policy that included Leonard as an insured. State Farm does not raise this point, and we therefore do not address it.

Both parties moved for summary judgment on the issue of the Bushes' right to recover under the State Farm policy. The Bushes argued that State Farm's requirement that an insured sustain bodily injury violated Indiana's uninsured motorist statute, Indiana Code section 27-7-5-2. State Farm responded that its requirement was a permissible limitation of coverage that had implicitly been approved by Indiana courts. The trial court granted summary judgment to State Farm, concluding that Leonard was not covered by the policy because he did not meet the policy's definition of "relative," and therefore was not an "insured." The trial court did not address the Bushes' contention that State Farm's policy, as construed by State Farm, violated the uninsured motorist statute.

The Court of Appeals reversed, holding that State Farm's exclusion of coverage for Leonard violated Indiana's uninsured motorist statute. Bush v. State Farm Mut. Auto. Ins. Co., 882 N.E.2d 821, 822 (Ind. Ct. App. 2008), reh'g denied. The Court of Appeals reasoned that the Bushes were insureds who were legally entitled to recover damages for their son's death. Id. at 825. Judge Barnes dissented, concluding that Armstrong v. Federated Mutual Insurance Co., 785 N.E.2d 284 (Ind. Ct. App. 2003), trans. denied., controlled this case and approved State Farm's limitation of coverage to bodily injury sustained by an insured. Bush, 822 N.E.2d at 825–26. We granted transfer.

## Standard of Review

We review an appeal from a summary judgment order de novo. Univ. of S. Ind. Found. v. Baker, 843 N.E.2d 528, 531 (Ind. 2006). Summary judgment is appropriate when the evidence shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

## Uninsured Motorist Coverage

Indiana courts have long held that a provision in an automobile liability policy is unenforceable if it is inconsistent with Indiana's uninsured motorist statute. State Farm Mut. Auto. Ins. Co. v. Jakupko, 881 N.E.2d 654, 661 (Ind. 2008) (quoting Patton v. Safeco Ins. Co. of Am., 128 Ind. App. 548, 555, 267 N.E.2d 859, 862 (1971)). The issue before us, one of first impression in Indiana, is whether State Farm's uninsured motorist policy, by requiring that

3

bodily injury[2] be sustained by an insured, violates Indiana's uninsured motorist statute and is therefore unenforceable.

Indiana Code section 27-7-5-2 requires an automobile liability policy subject to the Indiana statute to make coverage available

> in limits for bodily injury or death . . . not less than those set forth in IC 9-25-4-5 . . . for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death . . . .

The statute itself makes clear that it contemplates uninsured motorist coverage only for the "insured's" bodily injury. Section 27-7-5-5(c) defines the "maximum amount payable for bodily injury under uninsured or underinsured motorist coverage" by reference to "the insured's bodily injury." State Farm's policy is therefore consistent with the uninsured motorist statute by requiring that the insured sustain bodily injury to trigger uninsured motorist coverage.

The Bushes argue that State Farm's definition of "bodily injury" is ambiguous and could be construed as including emotional distress sustained by persons who do not sustain bodily injury. If this were a viable claim, the Bushes could assert it in their individual capacities. But this contention is foreclosed by Jakupko, which interpreted the same definition of bodily injury to include emotional distress only if it arises from a bodily touching. 881 N.E.2d at 658.

Earlier cases from the Court of Appeals also support the validity of State Farm's requirement that the bodily injury be sustained by an insured. For example, in Ivey v. Massachusetts Bay Insurance Co., a husband brought an action to recover damages for the wrongful death of his wife, from whom he was separated. 569 N.E.2d 692, 693 (Ind. Ct. App. 1991). The husband did not argue that the wife was an insured under the policy, but instead argued that Indiana's uninsured motorist statute required coverage for her death. Id. at 694. The Court of Appeals disposed of the case by concluding that the husband

> failed to preserve a wrongful death claim, because no personal representative has been appointed within two years. Hence, the underlying right of action is no longer available, and [the husband] is no longer legally entitled to recover damages from the uninsured motorist. Therefore, [the husband] does not meet the

---

[2] State Farm's policy defines bodily injury as "bodily injury to a **person** and sickness, disease or death which results from it," which is consistent with the statutory requirement that "bodily injury, sickness or disease, including death" be covered by uninsured motorist coverage. We use "bodily injury" as the policy defines it.

insurance statute or policy requirement that he be legally entitled to recover from the uninsured motorist.

Id. at 694–95 (footnote omitted). The Court of Appeals also noted that the husband had not sustained any bodily injury. Id. at 695. Other jurisdictions have cited Ivey for the proposition that Indiana's uninsured motorist statute requires that the insured have sustained bodily injury. E.g., Butterfield v. Norfolk & Dedham Mut. Fire Ins. Co., 860 A.2d 861, 863 n.2 (Me. 2004). Although Ivey answered this question only in dicta, that language has been in place for over fifteen years.

Similarly, in Armstrong v. Federated Mutual Insurance Co., the Court of Appeals held that parents could not recover under their underinsured motorist policy for the death of their nineteen-year-old daughter. 785 N.E.2d 284, 293 (Ind. Ct. App. 2003), trans. denied. The parents argued that their loss of love and companionship was a "bodily injury" compensable under the policy. The Court of Appeals noted that "even if it *were* considered a bodily injury, the [parents] could not thereby recover under Federated's policy because they suffered no physical impact." Id. Although Armstrong did not consider whether Federated's policy violated Indiana's uninsured motorist statute, Armstrong has been the law for over five years with no legislative response.

The Bushes point to the language in subsection 27-7-5-2(a) preceding subsections (a)(1) and (2). Section 2(a) provides

> The insurer shall make available, in each automobile liability or motor vehicle liability policy . . . insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person . . . arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage [described in subsections (a)(1) and (2)] . . . .

The Bushes point out that this language refers to bodily injury suffered by "any person," which includes Leonard's death. This language describes those automobile liability policies that are required to make available uninsured motorist coverage. It provides that if the Bushes are insured against liability for their injuring "any person," uninsured motorist coverage must be offered. But the "any person" language does not relate to or describe in any way the scope of the uninsured motorist coverage.

Our holding is also consistent with the public policy underlying the uninsured motorist statute. The Bushes cite United National Insurance Co. v. DePrizio, in which we explained that

5

> "[u]ninsured motorists coverage" is designed to close the gaps inherent in motor
> vehicle financial responsibility and compulsory insurance legislation, and this
> insurance coverage is intended, within fixed limits, to provide financial
> recompense to innocent persons who receive injuries and the dependents of those
> who are killed, through the wrongful conduct of motorists who, because they are
> uninsured and not financially responsible, cannot be made to respond in damages.

705 N.E.2d 455, 459 (Ind. 1999) (quoting Wright v. Fid. & Cas. Co. of N.Y., 155 S.E.2d 100, 106 (N.C. 1967)). The Bushes argue that this purpose requires coverage here. They assume that had Leonard been killed in a collision with an insured driver, they would have been legally entitled to recover from that insurance. For the reasons already given, that assumption is incorrect.

Finally, although this issue is one of first impression in Indiana, our conclusion is consistent with the substantial majority of other states that have addressed the issue under their uninsured motorist statutes.[3] Fifteen states have interpreted their statutes to require that injury be sustained by an insured.[4] Seven states have interpreted their statutes as requiring compensation for injuries sustained by third parties,[5] but in at least four of these, the legislature subsequently

---

[3] At least fifteen states' statutes require coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death," or something substantially similar. Alaska Stat. § 28.20.440 (2008); Ariz. Rev. Stat. Ann. § 20-259.01 (2002); Cal. Ins. Code § 11580.2 (West 2005); Colo. Rev. Stat. Ann. § 10-4-609 (West 2008); Del. Code Ann. tit. 18, § 3902 (1999); Fla. Stat. Ann. § 627.727 (West 2005); 215 Ill. Comp. Stat. Ann. 5/143 (West Supp. 2009); Iowa Code Ann. § 516A.1 (West 2007); La. Rev. Stat. Ann. § 22:1295 (2004); Miss. Code Ann. § 83-11-101 (1999); Mo. Ann. Stat. § 379.203 (West 2002); N.M. Stat. Ann. § 66-5-301 (West 2003); Okla. Stat. Ann. tit. 36, § 3636 (West Supp. 2009); S.D. Codified Laws § 58-11-9 (2000); Utah Code Ann. § 31A-22-305(3)(a) (Supp. 2008); Wash. Rev. Code Ann. § 48.22.030 (West Supp. 2009).

[4] State Farm Mut. Ins. Co. v. Wainscott, 439 F. Supp. 840 (D. Alaska 1977); Bartning v. State Farm Fire & Cas., 793 P.2d 127 (Ariz. Ct. App. 1990); Smith v. Royal Ins. Co., 230 Cal. Rptr. 495 (Cal. Ct. App. 1986); Farmers Ins. v. Chacon, 939 P.2d 517 (Colo. Ct. App. 1997); Temple v. Travelers Indem. Co., No. 88C-08-088 WCC, 2000 WL 33113814 (Del. Super. Ct. Nov. 30, 2000); Valiant Ins. Co. v. Webster, 567 So. 2d 408 (Fla. 1990); State Farm Mut. Auto. Ins. Co. v. George, 762 N.E.2d 1163 (Ill. App. Ct. 2002); Lafleur v. Fid. & Cas. Co. of N.Y., 385 So. 2d 1241 (La. Ct. App. 1980); Gillespie v. S. Farm Bureau Cas. Ins. Co., 343 So. 2d 467 (Miss. 1977); Livingston v. Omaha Prop. & Cas. Ins. Co., 927 S.W.2d 444 (Mo. Ct. App. 1996); London v. Farmers Ins. Co., 63 P.3d 552 (Okla. Civ. App. 2002); Gloe v. Iowa Mut. Ins. Co., 694 N.W.2d 238 (S.D. 2005); Eaquinta v. Allstate Ins. Co., 125 P.3d 901 (Utah 2005); Allstate Ins. Co. v. Hammonds, 865 P.2d 560 (Wash. Ct. App. 1994); Strum v. Swanson, 653 S.E.2d 667 (W. Va. 2007).

[5] Gordon v. Atlanta Cas. Co., 611 S.E.2d 24 (Ga. 2005); Hinners v. Pekin Ins. Co., 431 N.W.2d 345 (Iowa 1988); Forbes v. Harleysville Mut. Ins. Co., 589 A.2d 944 (Md. 1991); Butterfield v. Norfolk & Dedham Mut. Fire Ins. Co., 860 A.2d 861 (Me. 2004); State Farm Mut. Auto. Ins. Co. v. Selders, 190

amended the statute to require that the injury be sustained by an insured.[6]  In short, the clear weight of authority from other jurisdictions supports our conclusion that Indiana's uninsured motorist statute requires coverage only for bodily injuries sustained by an insured.

Apart from the problem that they did not suffer "bodily injury," the Bushes have no uninsured motorist coverage for Leonard's death because, in their individual capacities, they are not persons "legally entitled to recover damages" for Leonard's death.  At common law, there was no tort liability for wrongful death because personal injury actions did not survive the injured party's death.  Estate of Sears ex rel. Sears v. Griffin, 771 N.E.2d 1136, 1138 (Ind. 2002).  As a result, wrongful death actions are purely statutory.  Id.  In Indiana, claims for the death of a person must be brought under either the Child Wrongful Death Act, the Adult Wrongful Death Act, or the general Wrongful Death Act.  See id.  Leonard was an unmarried childless adult, and therefore his death is governed by the Adult Wrongful Death Act.  I.C. § 34-23-1-2(a).  A claim under that statute may be asserted only by the decedent's estate.  Id. § 34-23-1-2(b).  This is no mere technicality.  If the claim is asserted under the Adult Wrongful Death Act, some proceeds are subjected to creditors of the decedent's estate, and aggregate damages for loss of love and companionship are capped at $300,000.  Id. § 34-23-1-2(d), (e).

**Conclusion**

The trial court's grant of summary judgment is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

---

N.W.2d 789 (Neb. 1971); State Farm Mut. Auto. Ins. Co. v. Luebbers, 119 P.3d 169 (N.M. Ct. App. 2005); Sexton v. State Farm Mut. Auto. Ins. Co., 433 N.E.2d 555 (Ohio 1982).

[6] In response to Sexton, Ohio's uninsured motorist statute, Ohio Rev. Code Ann. § 3937.18, was amended to require that the injury be "suffered by any person insured under the policy."  1994 Ohio Laws 184; 2000 Ohio Laws 193, § 3.  Georgia's statute, Ga. Code Ann. § 33-7-11, now requires the bodily injury or death be "of an insured."  2006 Ga. Laws 768.  Maine's statute, Me. Rev. Stat. Ann. tit. 24-A, § 2902, was amended to require that the bodily injury or death be sustained "by an insured person."  2006 Me. Legis. Serv. Ch. 591 (H.P. 1422) (L.D. 2021) (West).  Maryland's former statute, Md. Code Ann. art. 48A, § 541, was replaced with a statute that provides coverage for damages "because the insured died."  Md. Code Ann., Ins. § 19-509.