## FOR PUBLICATION



FILED

Feb 29 2012, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**P. GREGORY CROSS**
The Cross Law Firm
Muncie, Indiana

**ROBERT C. BEASLEY**
Beasley Law Office
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN C. WHEELER**
**THOMAS R. HALEY III**
**MARGARET A. MOLLOY**
Jennings Taylor Wheeler & Haley
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MONTE HANNA and KIM HANNA,          )
                                    )
    Appellants-Plaintiffs,          )
                                    )
        vs.                        )     No.  18A04-1106-PL-305
                                    )
INDIANA FARMERS MUTUAL              )
INSURANCE COMPANY,                  )
                                    )
    Appellee-Defendant.             )

APPEAL FROM DELAWARE CIRCUIT COURT
The Honorable Peter Haviza, Special Judge
Cause No. 18C05-0609-PL-65

**February 29, 2012**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

A sixteen-year-old passenger in a friend's vehicle was killed in a two-car collision during a drag race. The parents of the other drivers compensated the plaintiffs, who were the parents of the deceased child, in accordance with the liability limits under their own insurance policies. The decedent's parents then sought to recover additional funds in their individual capacities under the Uninsured Motorist provisions (UIM) of their own automobile policy that was issued by appellee-defendant Indiana Farmers Mutual Insurance Company (Indiana Farmers).

The Child Wrongful Death Act[1] (CWDA), our Supreme Court's interpretation of the CWDA, and the Hannas' insurance policy do not entitle the parents to bring more than a single joint claim for their son's death. And because the parents have already received amounts from the other drivers' insurers that exceeded the maximum to which they would have been entitled under the UIM provisions of the Indiana Farmers policy, the trial court properly granted summary judgment in Indiana Farmers's favor and concluded that it was not obligated to pay under the UIM provisions.

Appellants-plaintiffs Monte and Kim Hanna (collectively, the Hannas), appeal the trial court's grant of summary judgment in favor of Indiana Farmers, on their claim for amounts that it should have paid them under the UIM provisions of their policy. The Hannas contend that Indiana Farmers was obligated to pay the full amount of the UIM policy limits and that the claim for their son's wrongful death should not be restricted to one joint claim for damages.

_____

[1] Ind. Code § 34-23-2-1.

Concluding that the trial court properly granted Indiana Farmers's motion for summary judgment, we affirm.

## FACTS

On April 17, 2004, the Hannas' sixteen-year-old son, Casey, was killed in a car crash when a vehicle he was riding in collided with another during a drag race in Delaware County. Neither of the Hannas witnessed Casey's death, and they were not present when the accident occurred. The parents of both drivers who were involved in the collision admitted liability for Casey's death.

One of the drivers, Matthew Royal, was insured by Allstate, with per person policy liability limits of $50,000. Allstate paid—and the Hannas accepted—that amount on their claim for Casey's wrongful death. Casey was riding in a vehicle driven by Dustin Condon. Condon was insured by State Farm with a per person policy limit of $250,000. State Farm tendered and paid the Hannas that amount in accordance with the policy.

At the time of the accident, the Hannas were insured under a policy issued by Indiana Farmers. Their policy contained a UIM endorsement with a per person limit of $250,000 and a per accident limit of $500,000. The Hannas were the named insureds in the policy declarations. The UIM portion of the policy provided in part that

## INSURING AGREEMENT

3

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury:

1. Sustained by an "insured" ; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle." We will pay damages under this coverage caused by an accident with an "underinsured motor vehicle" only if 1. or 2. below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle: have been exhausted by payments of judgments or settlements. . . .

. . .

C. Underinsured motor vehicle" means a land motor vehicle or trailer of any type for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is either:

1. Less than the limit of liability for this coverage; or

2. Reduced by payments to persons, other than "insureds," injured in the accident to less than the limit of liability for this coverage.

Appellant's App. p. 48; Appellee's Br. p. 8-10. The policy also defines an "insured" as "you" or any "family member." Id.

Yet another provision in the policy with regard to the liability limits provides that

A. The limit of liability shown in the Schedule or in the Declarations for each person [$250,000 for Monte Hanna, and $250,000 for Kim Hanna] for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person [Casey Hanna] in any one accident. Subject to this limit for each person [$250,000 per person], the limit of liability shown in the Schedule or in the Declarations for each accident [$500,000] for Underinsured

4

Motorists Coverage is our maximum limit of liability for all damages for 'bodily injury' resulting from any one accident.

This is the most we will pay regardless of the number of:

1. 'Insureds';
2. Claims made;
3. Vehicles or premiums shown in the Schedule or in the Declarations; or
4. Vehicles involved in the accident.

B. The limit of liability shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A, Part B or Part C of this policy.
D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

Appellants' App. p. 45.

On September 7, 2006, the Hannas filed a complaint against Indiana Farmers, seeking a declaratory judgment regarding the parties' rights and obligations under the UIM provisions of their policy. The Hannas claimed that they were the insureds under the policy and the damages they sustained far exceeded the amount of the available proceeds under the terms of the UIM coverage provided in their policy. The Hannas claimed that they were entitled to the remaining proceeds of that coverage, i.e., $250,000, offset by the $150,000 that was received from the other drivers' insurers, which amounted to $100,000, each.

On December 1, 2008, the Hannas filed a motion for summary judgment, claiming that they were entitled to judgment as a matter of law because Indiana Farmers was obligated to pay under the UIM provisions of their policy. The Hannas asserted that because neither of them have received the "per person" limit of UIM coverage in the amount of $250,000, "then by [the definitions under the policy], the vehicles which were engaged in the speed contest that culminated in the death of their son were both underinsured." Appellants' App. p. 137.

On January 13, 2009, Indiana Farmers filed a motion for summary judgment, alleging that they were entitled to a judgment as a matter of law because the Hannas do not qualify as underinsured motorists under their policy. Indiana Farmers asserted that they were not obligated to pay because the Hannas had already been compensated by the other drivers in an amount that exceeded the UIM policy limits. Indiana Farmers contended that

> [The Hannas] are required to bring a joint claim on behalf of their deceased son under the Indiana Child Wrongful Death Statute, and are jointly entitled to the same damages for the death of their son. Further, neither [of the Hannas] have sustained a physical impact, under which they may be otherwise entitled to make a claim separate and distinct from the wrongful death of their minor son.

Appellants' App. p. 144 (emphasis added).

Following a hearing on the motions for summary judgment on August 28, 2009, the trial court took the matter under advisement. Thereafter, on May 27, 2011, the trial court granted summary judgment for Indiana Farmers in an eighteen page order setting

forth findings of fact and conclusions of law. The trial court determined, among other things, that the Hannas "have only one, joint derivative claim and are subject to the per person limit ($250,000) of their Indiana Farmers' policy." Appellants' Br. p. 50. And because the Hannas have already recovered $300,000 from Condon and Royal and "the per person limit of their policy is $250,000, they are not underinsureds and not entitled to recovery against Indiana Farmers." Id. The Hannas now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

When reviewing a grant of summary judgment, our standard of review is the same as the trial court. Cleary v. Manning, 884 N.E.2d 335, 337 (Ind. Ct. App. 2008). Considering only those facts that the parties designated to the trial court, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Id.; Ind. Trial Rule 56(C). In answering these questions, we construe all factual inferences in the nonmovant's favor and resolve all doubts as to the existence of a material issue against the movant. Id.

We note that a trial court's findings of fact and conclusions of law are helpful and offer insight into the rationale of the trial court's judgment, but they are not binding upon us. Winchell v. Guy, 857 N.E.2d 1024, 1027 (Ind. Ct. App. 2006). We will affirm on any theory or basis supported by the designated materials. Id.

### II. The Hannas' Claims

7

The Hannas argue that the trial court erred in granting Indiana Farmers' motion for summary judgment. The Hannas contend that they are not precluded from bringing only one claim for Casey's wrongful death under Indiana Code section 34-23-2-1, the CWDA. Moreover, even though the Hannas have received compensation from the other drivers, they maintain that they are underinsured motorists within the meaning of their Indiana Farmers policy and are entitled to collect under those provisions.

In resolving these issues, we first examine various provisions of the CWDA:

(c) An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. The action may be maintained by:

(1) the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest;
(2) in case of divorce or dissolution of marriage, the person to whom custody of the child was awarded; and

(3) a guardian, for the injury or death of a protected person.

. . .

(f) In an action to recover for the death of a child, the plaintiff may recover damages:

(1) for the loss of the child's services;

(2) for the loss of the child's love and companionship; and

(3) to pay the expenses of:

>(A) health care and hospitalization necessitated by the wrongful act or omission that caused the child's death;
>
>(B) the child's funeral and burial;
>
>(C) the reasonable expense of psychiatric and psychological counseling incurred by a surviving parent or minor sibling of the child that is required because of the death of the child;
>
>(D) uninsured debts of the child, including debts for which a parent is obligated on behalf of the child; and
>
>(E) the administration of the child's estate, including reasonable attorney's fees.
>
>…

(i) Damages awarded under subsection (f)(1), (f)(2), (f)(3)(C), and (f)(3)(D) inure to the benefit of:

>(1) the father and mother jointly if both parents had custody of the child;
>
>(2) the custodial parent, or custodial grandparent, and the noncustodial parent of the deceased child as apportioned by the court according to their respective losses; or
>
>(3) a custodial grandparent of the child if the child was not survived by a parent entitled to benefit under this section.

9

Pursuant to the CWDA, it is apparent that the parents of a minor child can maintain a single, joint claim for the death of their minor child. In other words, nothing in the statute permits each parent to maintain a separate wrongful death claim in his or her own right. To further illustrate, in Elkhart Comm. Schools v. Yoder, 696 N.E.2d 409 (Ind. Ct. App. 1998), the parents were awarded a single, joint verdict in the amount of $450,000, that arose from personal injuries that their daughter sustained, which was reduced to the "per person" limit under the Tort Claims Act at the time of $300,000. In arriving at this result, the Yoder Court determined that

> An action for the injury or death of a child may be brought by both parents jointly, as was in this case, or it may be brought by either parent naming the other parent as a co-defendant to answer as to his or her own interest. Ind. Code Sec. 34-1-1-8. The damages recoverable under the statute are limited to pecuniary damages such as medical expenses, the value of the child's services which may have been lost, and the loss of the love and companionship of the child. Myers v. Count of Lake, Indiana, 30 F.3d 847, 853 (7th Circ. 1994). So, in a situation like the one before us here, where an undivided joint verdict is awarded to both parents of the victim, we believe the parents have suffered a single injury, regardless of whether each parent is a separate "person."

Id. at 416 (emphasis added).

And even assuming solely for the sake of argument that the Hannas are otherwise entitled to recover under their policy for Casey's wrongful death, they cannot recover under the UIM portion of the policy because they are not "underinsureds" within the meaning of the policy. As discussed above, the Hannas have recovered a total of $300,000 from the other drivers, which is $50,000 in excess of the UIM provision of their

10

Indiana Farmers policy. And when construing the provisions of the Hannas' policy, it is apparent that when an insured is directly involved in a motor vehicle accident, he or she may recover under the per person UIM limits. And here, there was an entitlement to the per person recovery limit under the UIM policy provisions regarding the claims that arose from Casey's injuries/death. On the other hand, if two insureds had been killed in the accident, a claim for per accident limits could be made because each person would be entitled to recover under the per person limits.

In light of the CWDA provisions and the Indiana Farmers policy, the Hannas are not permitted to recover for Casey's wrongful death under the policy in their individual capacities. Moreover, in Bush v. State Farm Mut. Automobile Ins. Co., 905 N.E.2d 1003 (Ind. 2009), our Supreme Court made it clear that there is no common law tort liability for wrongful death. Thus, the claim for Casey's wrongful death had to have been brought under the CWDA. And perhaps, most notably, the Bush court observed that the purpose of UIM provisions is

> designed to close the gaps inherent in motor vehicle financial responsibility and compulsory to the insurance legislation, and this insurance coverage is intended, within fixed limits, to provide financial recompense to innocent persons who receive injuries and the dependents of those who are killed, through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages.

Id. at 1007.

As noted above, the Hannas have been compensated in excess of the amount of their own coverage. Moreover, because the CWDA limits the Hannas to only one claim

in these circumstances, the Bush decision makes it clear that the only method of recovery for parents who have lost a child is to follow the requirements of the CWDA because they do not otherwise have a claim under the common law. As a result, the trial court properly determined that the Hannas were not entitled to collect additional amounts for Casey's wrongful death under the Indiana Farmers UIM policy provisions.

CONCLUSION

The language of the UIM provisions in the Hannas Indiana Farmers policy, the provisions of the CWDA, and our Supreme Court's application of the statute, all dictate that the Hannas can maintain one joint claim for Casey's wrongful death. The Hannas' claim arises from the CWDA, and not in a personal capacity and they are precluded from asserting a claim on their own or under the common law. Thus, the Hannas may not maintain separate causes of action for Casey's wrongful death.

As discussed above, the Hannas have already received the maximum amount to which they would have been entitled under the UIM provisions of their policy. As a result, we conclude that the trial court properly granted Indiana Farmers' motion for summary judgment.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.

12