## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2017, 8:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Jeffrey P. Smith
David K. Hawk
Hawk Haynie Kammeyer & Smith LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Robert W. Ehrenman
Vincent J. Heiny
Haller & Colvin, P.C.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Don Niemeyer, Jon Niemeyer, Brent Hegerfeld, Stanley Hegerfeld, Hoagland Holdings, LLC, Hoagland Holdings II, LLC, Premier Glass, Inc., and Hawk's Nest Ridge Development Corp.,

*Appellants-Plaintiffs,*

v.

The Board of Trustees of Allen County Regional Water & Sewer District,

*Appellee-Defendant*

March 17, 2017

Court of Appeals Case No. 02A03-1608-MI-1914

Appeal from the Allen Circuit Court

The Honorable Thomas J. Felts, Judge

Trial Court Cause No. 02C01-1604-MI-416

**Crone, Judge.**

# Case Summary

Don Niemeyer, Jon Niemeyer, Brent Hegerfeld, Stanley Hegerfeld, Hoagland Holdings, LLC, Hoagland Holdings II, LLC, Premier Glass, Inc., and Hawk's Nest Ridge Development Corp. (collectively "Appellants") appeal the trial court's order granting summary judgment in favor of the Board of Trustees of Allen County Regional Water & Sewer District following Appellants' challenge to a sewer rate ordinance under Indiana Code Section 13-26-11-15 ("Section 15"). We affirm.

# Facts and Procedural History

The relevant facts are undisputed. Appellants own property in the Hoagland Sewer Service Area, one of approximately forty service areas within the District, and receive sewer service from the District. In January 2016, after a public hearing, the Board adopted an ordinance modifying sewer rates and charges for the District. Pursuant to Section 15(c), the District mailed its ratepayers a notice stating that the ordinance may increase their rates and charges greater than five percent per year and informing them of their rights under Section 15. Pursuant to Section 15(d), ratepayers filed a petition objecting to the new rates and charges. After a public hearing, the district authority, the Allen County Commissioners, sustained the ordinance pursuant to Section 15(g). In April 2016, pursuant to Section 15(h), Appellants appealed

the ruling to the trial court by filing a complaint against the Board.[1]  The Board filed a motion for summary judgment, and Appellants filed a response.  After a hearing, the trial court issued a final order granting the Board's motion in pertinent part.  This appeal followed.

## Discussion and Decision

[3]  "The purpose of summary judgment is to end litigation when no issue of material fact exists and when the case may be determined as a matter of law." *McCarty v. Sanders*, 805 N.E.2d 894, 897 (Ind. Ct. App. 2004), *trans. denied*. "The burden is on the movant to negate the existence of any genuine issue of material fact, and all doubts must be resolved against the movant."  *Id*. at 897-98.  "It is only after the movant makes a prima facie showing of the nonexistence of a genuine issue of material fact that the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial."  *Id*. at 898.  Where the material facts are undisputed, our task on appeal is to determine whether the trial court properly applied the law to the facts.  *Id*.  Such issues are reviewed de novo, as are questions of statutory interpretation.  *Shelton v. Kroger Ltd. P'ship I*, 58 N.E.3d 229, 232 (Ind. Ct. App. 2016), *trans. denied*.  A trial court's findings and conclusions are helpful and offer insight into its rationale, but they are not binding on this Court.  *Hanna v. Ind. Farmers Mut. Ins. Co.*, 963 N.E.2d 72, 76 (Ind. Ct. App. 2012), *trans. denied*.

---

[1] The complaint erroneously states that the appeal was brought pursuant to Section 15(g), rather than Section 15(h).  Appellants' App. at 24.

The losing party has the burden of persuading us that the trial court erred. *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009).

[4] As mentioned above, Appellants appealed the district authority's ruling sustaining the ordinance pursuant to Section 15(h), which at the time of the appeal read in pertinent part as follows:

> The order of the district authority may be appealed by the district or a petitioner to the circuit court of the county in which the district is located.[2]  The court shall try the appeal without a jury and shall determine one (1) or both of the following:
>
> (1) Whether the board of trustees of the district, in adopting the ordinance increasing sewer rates and charges, followed the procedure required by this chapter.
>
> (2) Whether the increased sewer rates and charges established by the board by ordinance are just and equitable rates and charges, according to the standards set forth in [S]ection 9 of this chapter.

---

[2] In its summary judgment motion, the Board argued that Appellants had failed to exhaust their administrative remedies because they should have brought their appeal against the district authority instead. The trial court agreed that Appellants had "named the wrong party for the purposes of judicial review," but the court deemed the error "insufficient, standing alone, to provide a basis for summary judgment." Appealed Order at 7.  The Board does not appeal this ruling, so we do not address it further.

Thus, in Section 15(h), the legislature limited the scope of an appeal to the two foregoing issues.[3] When the Board adopted the ordinance in January 2016, Section 9 read as follows:

(a) Just and equitable rates and charges are those that produce sufficient revenue to:

(1) pay all expenses incident to the operation of the works, including maintenance cost, operating charges, upkeep, repairs, and interest charges on bonds or other obligations;

(2) provide the sinking fund for the liquidation of bonds or other evidence of indebtedness and reserves against default in the payment of interest and principal of bonds; and

(3) provide adequate money to be used as working capital, as well as money for making improvements, additions, extensions, and replacements.[4]

(b) Rates and charges too low to meet the financial requirements described in subsection (a) are unlawful. The initial rates and

---

[3] On appeal, Appellants assert for the first time that their complaint actually (or also) includes a claim for declaratory judgment under Indiana Code Section 34-14-1-2. "It is well settled that a party may not advance a theory on appeal that was not originally raised at the trial court." *Master Copy & Reprod. Ctr., Inc. v. Copyrite, Inc.*, 750 N.E.2d 824, 832 (Ind. Ct. App. 2001), *trans. denied*. Appellants' arguments that their complaint sufficiently states a claim for declaratory judgment are unpersuasive and unavailing, especially since the complaint specifically states that it was brought pursuant to Section 15 and Appellants' first mention of Indiana Code Section 34-14-1-2 is in their reply brief. The trial court's order cites a case in which a homeowner's association challenged a sewer district ordinance via a declaratory judgment action, *see Yankee Park Homeowners Ass'n, Inc. v. LaGrange Cty. Sewer Dist.*, 891 N.E.2d 128 (Ind. Ct. App. 2008), *trans. denied*, but that does not alter the fact that Appellants did not do so in this case.

[4] Effective March 22, 2016, Section 9(a) was amended to provide that just and equitable rates and charges also "(4) give due consideration to the interests of the ratepayers." The trial court found that "all of the events underpinning this action and the entire administrative process occurred before March 22, 2016," and declined to apply the amendment retroactively. Appealed Order at 11. Appellants do not appeal this ruling.

charges established after notice and hearing under this article are prima facie just and equitable.

[5] With respect to Section 15(h), the trial court found (1) that the Board had followed the required procedure in adopting the ordinance and (2) that Appellants had submitted no evidence that the increased rates and charges were not just and equitable as defined in Section 9. Appellants have failed to persuade us otherwise, and therefore we affirm.[5]

[6] Affirmed.

Riley, J., and Altice, J., concur.

---

[5] Appellants essentially ignore Section 9 and focus on the fact that, despite the purportedly self-sufficient infrastructure of their service area, their rates are being raised significantly over the next fifteen years in an effort to make rates more uniform across the District, which is not prohibited by statute. *See* Ind. Code § 13-26-11-4 ("The rates and charges for services of a water, sewer, or solid waste disposal or recovery system do not have to be uniform throughout the district or for all users."). On summary judgment, Appellants designated evidence that the District justified a transition toward uniform rates based on State Revolving Fund ("SRF") Loan Program "directives" that made forgivable or low-interest loans for future projects contingent on such a transition. Appellants' Br. at 19. Appellants also designated evidence that no statutes, regulations, policies, or financing agreements mandate a transition toward uniform rates and argued that therefore the District's justification was misleading. But Appellants cite no authority for the proposition that the foregoing are prerequisites for placing conditions on future financing to the District. Likewise, Appellants offer nothing to contradict the Board's designated evidence that the SRF was "concern[ed] about the growing disparity among the rates and charges for the District's numerous Service Areas" and that "the rate relief SRF intended to produce from their Subsidized Funding packages [was] not materializing." Appellants' App. at 114 (affidavit of accountant John Julien). The Board points out that ratepayers in other service areas were paying over $100 more per month than the ratepayers in the Hoagland service area and that "[i]f the Hoagland service area rates were lowered, then the rates of other customers would have to go up to make up for lost revenue. There is no free lunch." Appellee's Br. at 38. Appellants complain that "the District had treated the Hoagland Service Area as its own distinct service territory with a distinct cost of service and rates separate from all other District service territories." Appellants' Br. at 23. Nothing required the District to do so in perpetuity, however.