BOSTON *v.* CHESAPEAKE AND OHIO RAILWAY COMPANY.

[No. 28,098. Filed June 6, 1945.]

*George P. Ryan* and *Ross, McCord, Ice & Miller,* all of Indianapolis, and *Clarence Benadum,* of Muncie, for appellant.

*Albert H. Cole,* of Peru, and *Warner, Clark & Warner,* of Muncie, for appellee.

O'MALLEY, J.—The appellant filed this action against appellee to recover damages claimed to have been caused by the negligent acts of the appellee in backing a cut of railway cars across Brady Street in the City of Muncie, Indiana.

The complaint alleged that plaintiff looked both ways before proceeding over the crossing and that he heard no warning and saw no train approaching, but that while crossing the plaintiff was suddenly struck by the railroad cars being backed up by said defendant in a westerly direction.

There are then alleged five distinct acts of negligence, to-wit:

(a) Failure to have or display any light.

(b) Failure to give audible warning.

(c) Operating in a residential section at from 30 to 35 miles per hour.

(d) Failure to blow the whistle 90 feet from the crossing and failure to ring the bell.

(e) Failure to post a lookout.

It is further charged that because of the negligent acts, the train was backed against the automobile in which plaintiff was riding in such a manner that the train became hooked to the automobile; that the train continued to move in a westerly direction and dragged the automobile 150 feet; that it kept grinding its way farther and farther into plaintiff's automobile; that by reason thereof plaintiff became rigid with terror and fear; that the fear increased and plaintiff believed he would be ground to death; that after said accident plaintiff was so affected by shock that he could not sleep; and that he finally, 10 days later, collapsed at his work.

It is further alleged that said shock continues and is permanent; that he cannot eat or work and as a result thereof he has developed ulcers in his stomach.

This cause was submitted to trial before a jury and at the conclusion of the plaintiff's evidence a peremptory instruction was requested and given directing the jury to find for the defendant.

Overruling the motion for a new trial is the only error assigned. This raises two questions which are as follows:

1. That the verdict of the jury is contrary to law.

2. That the court erred in peremptorily instructing the jury to return a verdict for the appellee.

The appellant admits that there can be no recovery for fear, fright or shock, in the absence of a contemporaneous physical injury. But he says, the complaint alleged an injury, and there was evidence of a contemporaneous physical injury as shown by the testimony of the doctor that appellant was suffering from traumatic shock and evidence of appellant striking against the sides and top of the automobile. Then he asserts that since he is asking recovery for injuries caused by the shock, and not for the physical injuries received at the time of the accident, it was not necessary to prove the extent of the physical injuries received.

A peremptory instruction should be given only when the evidence is clearly insufficient to establish one or more of the facts essential to the plaintiff's right to a recovery. *Ault* v. *Clark* (1916), 62 Ind. App. 55, 112 N. E. 843; *Engle, Admr.* v. *Director General Railroads* (1922), 78 Ind. App. 547, 133 N. E. 138.

It is only where there is a total absence of evidence upon some essential issue, or where there is no conflict and the evidence is susceptible of but one inference and that against the party having the burden, that a peremptory instruction should be given. *Purcell* v. *English* (1882), 86 Ind. 34.

It is not disputed that a contemporaneous physical injury is necessary for one to recover for shock or fright. We believe, however, that this is merely a minimum requirement for maintaining the action; that the complete rule would add that before

recovery can be had for mental injury, including every form of distress, brooding, or fright, it must appear to be the natural and direct result of the physical injury, and not merely a remote consequence thereof. *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978.

However, it has been held that peril, agony, fright, or shock which accompanies an actual physical injury, is an element which the jury may consider in fixing damages. *Union Traction Co.* v. *Alstadt* (1924), 195 Ind. 389, 143 N. E. 879.

In the case of *Cleveland, etc., R. Co.* v. *Stewart* (1900), 24 Ind. App. 374, 56 N. E. 917, it was held that fright to one person occasioned by imminent danger and peril to another, cannot be made the basis for the recovery of damages.

It was said in the case of *Kalen* v. *Terre Haute and Indianapolis Railroad Company* (1897), 18 Ind. App. 202, 213, 47 N. E. 694, 698, that:

> "It would seem that such injuries (fright and shock not accompanied by any physical injury) are among those which courts cannot remedy by means of any practicable methods at their command which can be applied generally so as to secure justice to both the plaintiffs and defendants and so as best to subserve the interests of the community, whose instruments the courts are in the administration of justice. Such claims for redress seem to be outside of the wise policy of the law."

See *Earle* v. *Porter* (1942), 112 Ind. App. 71, 40 N. E. (2d) 381; *Huston, Appellant,* v. *Freemansburg Boro* (1905), 212 Pa. St. 548, 61 A. 1022; *Davis* v. *Cleve. Ry. Co.* (1939), 135 Ohio St. 401, 21 N. E. (2d) 169; *General, etc., Car Corp.* v. *Melville* (1926), 198 Ind. 529, 145 N. E. 890.

In the case of *Indianapolis St. R. Co.* v. *Ray, supra,* this court considered the law relative to actions where damages are claimed by reason of fright and shock. There the court determined that an instruction on the measure of damages was improper because it directed the jury to allow damages for the loss of freedom of action and social intercourse with friends, in addition to any sum allowed for mental suffering. In arriving at its conclusion this court said (167 Ind. 236, 245, 246, 78 N. E. 978, 980.) :

> "It is a rule of universal acceptance that a person is legally liable only for the natural and proximate results of his negligence.
>
> "It is also a rule, not universal, but approved by the decided weight of authority, that a recovery for mental suffering, which, in legal parlance, embraces every description of mental injury, can only be had in cases where the negligent act has been the proximate cause of some degree of physical injury; a broad distinction being made between mental suffering that is attributable to the negligent act, and that which flows directly and naturally from, or which has its origin or exciting cause in, and is coincident with, the physical hurt. . . .
>
> "Distress, depression, or injury of any kind to the mind that flows from a secondary or remote result of the physical injury, or as a reflection, as some of the cases put it, or from a subsequent contemplation and brooding of the mind, as others say, is not the subject of actionable damages."
>
> It is further said:
>
> "But where the mental injury is not shown to be a natural and direct result of the physical injury, and therefore not a part of it, but a remote consequence, any attempt at compensation can have no surer base than conjecture and speculation."

Each question raised requires the examination of the evidence, but if the court erred in giving the peremptory

instruction, the first question would not require comment.

The evidence adduced at the trial portrayed the striking of the appellant's automobile as alleged. Both appellant and others testified as to his prior good health and as to his weakened condition after the accident. There was evidence that as he was driving across the track there was a crash and the railway car hit the side of his automobile; that the coupling pushed the door inward and caused appellant to be thrown against the railroad car bumper or coupling, and then from one side to the other, and to be bounced around like a rubber ball. There also was evidence that he bumped the top of the car; that his automobile was dragged some distance and during that time he became filled with fear that he would be killed. There was evidence that he could not sleep, became irritable, could not work, and could not eat or drink. In fact, the evidence is that he continually brooded over the accident and felt that a train was pushing him and was about to crush him. Then there is evidence that he became ill and lost the full and complete use of one of his limbs. His medical expert said he was neurotic and that he was afflicted with traumatic shock. This witness detailed the evidence on which this diagnosis was based. He said it was based on a history of fright and fear at the time of and following the collision which is the basis of this action.

Considering the evidence most favorable to the appellant and the inferences that may be drawn therefrom, we are forced to conclude that there was some evidence of negligence and of physical injury; that there was some evidence of shock and fright contemporaneous with and growing out of the physical injury as the natural and direct result thereof. Under

such circumstances, the case should have been submitted to the jury for its determination. It was error to give the peremptory instruction.

The complaint was not questioned below by motion or demurrer, but here it is asserted that it does not state a good cause of action. If the matter had been submitted to the jury, and a verdict had been returned for the appellant, on appeal this court would have considered the complaint as amended to conform to the evidence. There is no showing of any objection to the evidence as admitted, and in this opinion we are concerned with the evidence and not with a pleading that may have been subject to some action by motion or otherwise. We feel that the appellant should be permitted to amend his complaint, on request, so that it·may present such a case as this court has held should have been submitted to the jury on the former trial.

This cause is reversed, with instructions to the lower court to grant a new trial, and on request, to permit the appellant to amend his complaint as indicated above.

RICHMAN, C. J. and GILKISON, J. concur in the result.

Note.—Reported in 61 N. E. (2d) 326.