Carl W. CONDER and Moore–Langen Printing Company, Inc., Appellants (Defendants below),

v.

Priscilla WOOD and Michael Wood, Appellees (Plaintiffs below).

No. 49S04–9807–CV–00409.

Supreme Court of Indiana.

Sept. 27, 1999.

Michael A. Aspy, Landau, Omahana & Kopka, Carmel, Indiana, Attorney for Appellant.

C. Warren Holland, Michael W. Holland, Indianapolis, Indiana, Attorneys for Appellee.

1. At the time of the accident, Conder was

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

After a truck struck and knocked down Plaintiff Priscilla Wood's companion, Wood pounded on the side of the truck in a frantic attempt to get the driver to stop before the truck crushed her companion. We find that Wood sustained the requisite direct impact necessary to maintain an action in Indiana for negligent infliction of emotional distress.

### Background

On September 1, 1993, Priscilla Wood and her friend and co-worker, Patricia Brittain, were walking in downtown Indianapolis and stopped at the southeast corner of Illinois and New York streets. When the pedestrian "Walk" signal appeared, Brittain and Wood prepared to cross New York Street, with Brittain walking to the immediate left of Wood.

As the two women crossed the street, Defendant Carl Conder was driving a truck northbound on Illinois Street and was attempting a right turn onto New York Street. Wood noticed the truck coming toward them and yelled that the truck was not going to stop. Wood then jumped out of the path of the oncoming truck and attempted to pull Brittain out of harm's way. However, before Brittain had a chance to react, the right front wheel of Conder's truck struck her, hurling her to the pavement.

As the truck continued to roll forward, it came close to where Wood was standing. Brittain was lying in the direct path of the truck's rear wheels. Fearing that the truck would run over Brittain again, Wood began pounding on the panels of the truck trailer as it moved past her, trying to get the driver's attention. The truck came to a stop just before the rear wheels ran over Brittain's head. Brittain died at the scene.

On August 31, 1995, Wood and her husband filed a complaint for damages against Conder and Moore–Langen Printing Company, Inc.[1] They sought recovery for phys-

"acting within the course and scope of his

ical and emotional injuries resulting from the incident, including bruises to Wood's left arm, emotional and psychological trauma, stress-related headaches, insomnia, and personality changes. In addition, they sought recovery for her husband's loss of consortium. At trial, Defendants moved for summary judgment, which the trial court denied. The Court of Appeals reversed, finding that because Wood had not suffered any direct physical impact from Conder's negligence, she was precluded under the modified impact rule from recovering for her emotional distress. *Conder v. Wood,* 691 N.E.2d 490, 493 (Ind.Ct.App. 1998).

### Discussion

Indiana had long maintained a rule that damages for emotional distress injury could only be recovered when the injury was accompanied by a physical impact to the plaintiff. Historically referred to as the "impact rule," it required proof of three elements: (1) an impact on the plaintiff; (2) which caused physical injury to the plaintiff; (3) which physical injury, in turn, caused the emotional distress. *Boston v. Chesapeake & O. Ry.,* 223 Ind. 425, 428–29, 61 N.E.2d 326, 327 (1945). Put another way, the rule mandated that damages for emotional distress were recoverable only when the distress was accompanied by, and resulted from, a physical injury caused by an impact to the person seeking recovery. *New York, Chicago & St. Louis R.R. Co. v. Henderson,* 237 Ind. 456, 477, 146 N.E.2d 531, 542–43 (1957). Actionable emotional distress had to be the natural and direct result of the plaintiff's physical injury. *Boston,* 223 Ind. at 428–29, 61 N.E.2d at 327.

However, in *Shuamber v. Henderson,* 579 N.E.2d 452 (Ind.1991), this Court reformulated this longstanding rule. In

*Shuamber,* a mother and daughter were involved in an automobile accident in which a younger family member died. Both mother and daughter sustained various physical injuries, but did not seek recovery for emotional trauma arising out of their own physical injuries. Instead, they sought recovery for emotional trauma caused by witnessing the death of a younger family member. As such, the Shuambers were precluded from recovery under the impact rule then in effect. After analyzing the policies supporting the impact rule, we came to the conclusion that there was "no reason under appropriate circumstances to refrain from extending recovery [to a plaintiff] for emotional distress to instances where the distress is the result of physical injury negligently inflicted on another." *Shuamber,* 579 N.E.2d at 455.

With this reasoning as the backdrop, we said:

> When ... a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Id.* at 456.[2]

■ The modified impact rule maintains the requirement of a direct physical impact. However, the impact need not cause a physical injury to the plaintiff and the emotional trauma suffered by the plaintiff need not result from a physical injury caused by the impact. Applying this modified standard to the facts in *Shuamber,* this Court found that the Shuambers were entitled to recovery.

employment and/or agency" at Moore–Langen Printing Company, Inc. (R. at 36.)

**2.** Though acknowledging the limitations of the impact rule in *Shuamber,* we declined an invitation to abolish the rule, finding that the resolution of the case did not require it. A

similar invitation has been extended by the plaintiffs of this case; however, the modified impact rule, whatever may be said of its limitations, need not be abolished to achieve the proper resolution of this case.

In the present case, Wood contends that the impact she sustained in pounding on Conder's truck as it drove near her, in an attempt to get Conder to stop before striking Brittain a second time, was sufficient to meet the requirements of the modified impact rule. In modifying the impact rule in *Shuamber*, we recognized the diminished significance of contemporaneous physical injuries in identifying legitimate claims of emotional trauma from the mere spurious. Rather, "direct impact" is properly understood as the requisite measure of "direct involvement" in the incident giving rise to the emotional trauma. Viewed in this context, we find that it matters little how the physical impact occurs, so long as that impact arises from the plaintiff's direct involvement in the tortfeasor's negligent conduct.[3]

Wood clearly sustained an "impact" as she pounded on Defendants' truck in her effort to prevent it from running over Brittain with its rear wheels. It is also clear that Wood has alleged that she suffered mental and emotional trauma as a result of her direct involvement in Defendants' negligent conduct. Accordingly, we find that Wood's allegations have met the requirements for application of the modified impact rule and that Defendants were not entitled to judgment as a matter of law.

### Conclusion

Having previously granted transfer, thereby vacating the opinion of the Court of Appeals, we now affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.

---

**3.** We also note that the actual language of the rule announced in *Shuamber* merely requires a plaintiff to sustain a direct impact by the negligence of another, but imposes no requirement that the impact be initiated by the tortfeasor. "The majority reads into the *Shuamber* standard a limitation which cannot be found in the language of that standard and which is not required by the rationale underlying the modification of the impact rule in that decision." *Conder*, 691 N.E.2d at 493–94. (Barteau, J., dissenting).