**John TAELE, Sarah Taele, Appellants–Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMO- BILE INSURANCE COMPA- NY, Appellee–Defendant.**

No. 06A01–1004–CT–259.

Court of Appeals of Indiana.

Oct. 29, 2010.

Rehearing Denied Jan. 12, 2011.

David W. Stone, IV, Stone Law Office & Legal Research, Anderson, IN, Michael W. Phelps, Nunn Law Office, Bloomington, IN, Attorneys for Appellants.

Barbara A. Jones, Dennis F. Cantrell, Tara Stapleton Lutes, Cantrell Strenski & Mehringer, LLP, Karl L. Mulvaney, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

John and Sarah Taele appeal the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). We affirm.

### Issue

The sole restated issue is whether the trial court properly concluded that the Taeles's State Farm uninsured motorist ("UM") policy did not provide coverage for their alleged emotional distress suffered in connection with an automobile accident that killed their daughter.

### Facts

On October 7, 2007, the Taeles were traveling northbound on I–65 in Boone County. Their thirteen-year-old daughter, Briana, was a passenger in another vehicle traveling behind the Taeles. Eduardo Figueroa was traveling southbound on I–65 when he crossed the median and struck the vehicle in which Briana was traveling, killing her. The Taeles saw the accident happen in their rear-view mirror. Although a piece of debris from the accident may have struck the Taeles's windshield, neither of them suffered any direct physical impact or injury in the accident. John claims he has been diagnosed with and sought treatment for high blood pressure and depression since the accident, as a result of his emotional distress.

Figueroa was uninsured. At the time of the accident, the Taeles had an automobile insurance policy, including UM coverage, from State Farm. The policy's entire definition of compensable "bodily injury" at the time of the accident was "bodily injury to a *person* and sickness, disease or death which results from it." App. p. 109. This definition of "bodily injury" replaced an earlier definition that read: *"Bodily inju-*

*ry*—means physical bodily injury to a *person* and sickness, disease or death which results from it. A *person* does not sustain *bodily injury* if that *person* suffers emotional distress in the absence of physical bodily injury." *Id.* at 115. The new definition of "bodily injury" was implemented by endorsement; it is unclear from the record when this change took place, though it occurred before the accident.

State Farm refused to pay UM benefits to the Taeles for their emotional distress connected with Briana's death. On July 30, 2009, the Taeles filed a third amended complaint against Figueroa and State Farm. On November 13, 2009, State Farm moved for summary judgment, contending it was not obligated to provide UM coverage to the Taeles because they did not sustain any "bodily injury" in the accident, as defined by the policy, and their alleged emotional distress from witnessing their child's death did not qualify as such an injury. On March 11, 2010, the trial court entered summary judgment in favor of State Farm and certified its ruling as a final, appealable order, utilizing the language of Indiana Trial Rule 54(B). The Taeles now appeal.

### Analysis

When reviewing a summary judgment ruling, we apply the same standard as the trial court. *Auto–Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1282 (Ind.2006). Summary judgment is proper "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C); *Harvey*, 842 N.E.2d at 1282. We must construe all facts and reasonable inferences drawn from them in favor of the nonmoving party. *Harvey*, 842 N.E.2d at 1282. We may affirm a summary judgment ruling if it is sustainable on any legal

theory or basis found in the evidentiary matter designated to the trial court. *West American Ins. Co. v. Cates*, 865 N.E.2d 1016, 1020 (Ind.Ct.App.2007), *trans. denied.*

The issue in this case is whether the Taeles's claims of emotional distress caused by witnessing the accident that killed their daughter are a compensable "bodily injury" within the definition of the State Farm policy. State Farm does not deny that the Taeles have adequately stated a claim for negligent infliction of emotional distress ("NIED") against Figueroa. Our supreme court first recognized a cause of action for NIED in the absence of physical injury to a plaintiff in *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind.1991). The court there stated, establishing the so-called "direct impact" test,

> When ... a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Shuamber*, 579 N.E.2d at 456.

Our supreme court subsequently expanded the category of plaintiffs who could state a claim for NIED in *Groves v. Taylor*, 729 N.E.2d 569 (Ind.2000):

> We ... hold that where the direct impact test is not met, a bystander may nevertheless establish "direct involvement" by proving that the plaintiff actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the

plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortuous [sic] conduct.

*Groves*, 729 N.E.2d at 573. The Taeles's NIED claims against Figueroa arise under the *Groves* rule, not the Shuamber "direct impact" test, given that they did not sustain any "direct impact" in the accident that killed their daughter.

In the last few years, our supreme court has undertaken a thorough examination of the intersection of NIED claims and UM provisions, both as a matter of insurance policy interpretation and of statutory construction, beginning with *State Farm Mutual Automobile Insurance Co. v. Jakupko*, 881 N.E.2d 654 (Ind.2008). In *Jakupko*, a husband and wife and their two children were together in one car that was involved in an accident with an underinsured motorist. The husband sustained exceptionally severe bodily injuries, and the other three occupants sustained less severe bodily injuries. The other three occupants sought to recover from State Farm through an underinsured motorist ("UIM") provision for their emotional distress associated with witnessing the severe injuries sustained by the husband.

Our supreme court first noted that the occupants clearly stated permissible NIED claims against the underinsured driver, per *Shuamber*. *Jakupko*, 881 N.E.2d at 656. The court did not discuss whether *Groves* would have applied; it was unnecessary to invoke *Groves*, however, given that there was no doubt that all of the occupants had sustained a "direct impact" in the accident. The court then addressed whether such claims were compensable "bodily injuries" under the State Farm policy.[1] Ultimately, the court concluded

1. The definition of "bodily injury" in the State      Farm policy there was identical to the defini-

that the definition of "bodily injury" included emotional distress damages, but only if that distress arose from a bodily touching or direct physical impact. *Id.* at 658–59. In support of this conclusion, the court relied upon *Wayne Township Board of School Commissioners v. Indiana Insurance Co.,* 650 N.E.2d 1205 (Ind.Ct.App. 1995), *trans. denied,* which was decided after *Shuamber* but before *Groves.* The *Jakupko* court also concluded that each of the occupants was entitled to their own per-person policy limit for emotional distress damages and that those damages were not constrained by the per-person limit for the injured husband. *Id.* at 661–62.

In *Elliott v. Allstate Insurance Co.,* 881 N.E.2d 662 (Ind.2008), the court again permitted physically injured occupants of a vehicle involved in an accident to recover UM benefits for emotional distress damages associated with witnessing another occupant's nearly fatal injuries. In *State Farm Mutual Insurance Co. v. D.L.B.,* 881 N.E.2d 665 (Ind.2008), the court did not permit such recovery. In *D.L.B.,* a four-year-old suffered Post–Traumatic Stress Disorder after watching his six-year-old cousin be struck and killed by a vehicle. The court held that because D.L.B. was not himself directly impacted by the accident, he did not sustain a compensable "bodily injury" under the State Farm policy, notwithstanding the physical manifestations of D.L.B.'s emotional distress. *D.L.B.,* 881 N.E.2d at 666. There was no discussion in *D.L.B.* of whether a four-year-old witnessing his six-year-old cousin being run over by a car would satisfy the *Groves* test, although the facts would seem to have presented a strong case for a supportable NIED claim under that test.

tion in the State Farm policy at issue today.

The *D.L.B.* opinion also relied upon this court's decision in *Armstrong v. Federated Mutual Insurance Co.,* 785 N.E.2d 284 (Ind.Ct.App.2003), *trans. denied.* There, we held that parents of a child killed in an automobile accident were not entitled to recover UM benefits for emotional distress because they had not "suffered a physical impact in the accident that took [their daughter's] life." *Armstrong,* 785 N.E.2d at 293. It does not appear from the opinion that the parents were near the accident when it occurred.

Our supreme court again returned to the issued of NIED claims and UM coverage in *Bush v. State Farm Mutual Automobile Insurance Co.,* 905 N.E.2d 1003 (Ind.2009). In *Bush,* parents of a fifty-six-year-old man killed in an automobile accident in New Mexico sought to recover UM benefits for emotional distress associated with the death. A majority of this court held that excluding coverage for such distress violated Indiana's UM statute. *Bush v. State Farm Mut. Automobile Ins. Co.,* 882 N.E.2d 821 (Ind.Ct.App.2008).

Our supreme court granted transfer and disagreed. The court noted the language of the UM statute, which mandates that insurers make coverage available under automobile policies:

> in limits for bodily injury or death ... not less than those set forth in IC 9–25–4–5 ... for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death....

*Bush,* 905 N.E.2d at 1005 (quoting Ind. Code § 27–7–5–2). The court then held that State Farm's policy definition of "bodily injury" was "consistent with the unin-

sured motorist statute by requiring that the insured sustain bodily injury to trigger uninsured motorist coverage." *Id.* It also noted that Jakupko foreclosed the possibility that State Farm's definition of "bodily injury" could be construed as including emotional distress sustained by persons who do not sustain bodily injury. Rather, it stated that *Jakupko* "interpreted the same definition of bodily injury to include emotional distress only if it arises from a bodily touching." [2] *Id.*

Given *Jakupko, Elliott, D.L.B., Bush,* and *Armstrong,* we must conclude that the Taeles are not entitled to recover UM benefits under the State Farm policy because they themselves were neither directly impacted nor directly physically injured by the accident that killed their daughter, notwithstanding the fact that they may have a valid NIED claim against Figueroa under *Groves,* unlike the parents in *Bush* and *Armstrong.* It does seem slightly incongruous that persons having NIED claims arising in a *Shuamber*-type scenario may be entitled to recover UM benefits for "bodily injury," but those having equally valid NIED claims arising in a *Groves*-type scenario are not so entitled.[3] Nonetheless, we presume that if our supreme court intended *Groves*-type claims to be covered under the definition of "bodily injury" for purposes of insurance policy and UM statutory interpretation, it would have mentioned that case at some point in *Jakupko, Elliott, D.L.B.,* or *Bush.*[4]

The Taeles request that we consider the fact that State Farm previously had, at some point, expressly excluded emotional distress damages arising in the absence of physical injury from within the definition of "bodily injury," and later removed that express exclusion. They contend that the removal of this express exclusion is evidence that the current definition of "bodily injury" does *not* exclude such damages. If there were any ambiguity about what the term "bodily injury" means in State Farm's current policy, there might be some validity in considering the evidence of how State Farm had previously defined

---

**2.** *Jakupko, Elliott, D.L.B.,* and *Bush* arguably are unclear as to whether a physical bodily injury to an insured is required in order to recover any damages for emotional distress caused by witnessing harm to another person, or whether a mere direct impact from the accident (as in *Shuamber*) is sufficient. The plaintiffs in *Jakupko* and *Elliott* did evidently sustain physical bodily injuries of some kind in the accidents in addition to emotional distress, but the opinions repeatedly refer to the requirement of a "bodily touching" or "direct physical impact," not physical bodily injury, in order to permit recovery of emotional distress damages. *Bush,* however, refers to a requirement of "bodily injury." Also, Chief Justice Shepard in a separate concurrence in *Jakupko* expressed skepticism in permitting a wholly uninjured (but impacted) plaintiff to recover any emotional distress damages as a "bodily injury." *Jakupko,* 881 N.E.2d at 662 (Shepard, J., concurring in result). In any event, the Taeles sustained neither physical bodily injuries nor a direct physical impact as a result of the accident here.

**3.** The dissent urges that the piece of debris that allegedly struck the Taeles' windshield suffices to constitute a "direct impact" under the modified impact rule for NIED claims, as stated in *Conder v. Wood,* 716 N.E.2d 432 (Ind.1999). Our reading of the *Jakupko* line of cases is that whatever the common law of NIED claims, in order to support a UM insurance claim for bodily injury, there must be an actual bodily touching of the claimant of some kind. *See Jakupko,* 881 N.E.2d at 659 (noting that claimants "suffered direct physical impact" in automobile collision). There was no such touching or impact here.

**4.** Indeed, it appears that *Groves* was discussed extensively by the parties in their briefs in *D.L.B.* and that the plaintiff was pursuing a claim under *Groves.* That the supreme court did not mention *Groves* in *D.L.B.* must have been an intentional omission.

the term. But given *Jakupko* and its progeny, we cannot consider the term ambiguous. Per those decisions, "bodily injury," as defined in the policy and UM statute, does not include emotional distress damages in the absence of a physical impact of some kind.

The fact that John is claiming physical manifestations of his emotional distress also is irrelevant here. The *D.L.B.* opinion squarely holds that subsequent physical manifestations of emotional distress unrelated to a physical impact, force, or harm sustained in an accident is not a compensable "bodily injury." *D.L.B.*, 881 N.E.2d at 666. Thus, John's claims of having to be treated for high blood pressure and depression following the accident, as a result of emotional distress, do not provide a separate basis for him to recover UM benefits under the State Farm policy. In sum, the trial court did not err in concluding as a matter of law that the Taeles's NIED claims against Figueroa are not a compensable "bodily injury" under the State Farm policy.

### Conclusion

The trial court properly granted summary judgment in favor of State Farm. We affirm.

Affirmed.

FRIEDLANDER, J., concurs.

CRONE, J., dissents with separate opinion.

CRONE, Judge, dissenting.

I commend Judge Barnes on his scholarly survey of our supreme court's NIED jurisprudence, and I agree with his assessment that it seems "slightly incongruous that persons having NIED claims arising in a *Shuamber*-type scenario may be entitled to recover UM benefits for 'bodily injury,' but those having equally valid NIED claims arising in a *Groves*-type scenario are not so entitled." Op. at 310.

That said, I respectfully disagree with his conclusion that the Taeles "did not sustain any direct impact' in the accident that killed their daughter" and that therefore their NIED claims against Figueroa "arise under the *Groves* rule, not the *Shuamber* direct impact' test[.]" *Id.* at 308. In *Conder v. Wood*, 716 N.E.2d 432 (Ind. 1999), our supreme court held that Wood, the plaintiff, "sustained the requisite direct impact necessary to maintain" an NIED action when she "pounded on the side" of the defendant's truck, which had "struck and knocked down" her friend, "in a frantic attempt to get the driver to stop before the truck crushed her companion." *Id.* at 433. In so holding, the court stated,

> The modified impact rule maintains the requirement of a direct physical impact. *However, the impact need not cause a physical injury to the plaintiff and the emotional trauma suffered by the plaintiff need not result from a physical injury caused by the impact*. . . .
>
> . . . . In modifying the impact rule in *Shuamber*, we recognized the diminished significance of contemporaneous physical injuries in identifying legitimate claims of emotional trauma from the mere spurious. *Rather, "direct impact" is properly understood as the requisite measure of "direct involvement" in the incident giving rise to the emotional trauma. Viewed in this context, we find that it matters little how the physical impact occurs, so long as that impact arises from the plaintiff's direct involvement in the tortfeasor's negligent conduct*.

*Id.* at 434–35 (emphases added; footnote omitted).

Here, the designated evidence indicates that a piece of debris from the collision

that killed the Taeles' daughter struck and cracked the windshield of the Taeles' vehicle. In my view, this is sufficient to establish a "direct impact" for purposes of the modified impact rule. I can see no meaningful difference between the impact sustained by Wood (an entirely fortuitous pounding on the side of the defendant's truck) and the impact sustained by the Taeles (an equally fortuitous striking of their windshield by a piece of accident debris). The fact that Wood touched the truck with her hand seems to me to be a purely artificial and arbitrary distinction.[5] *Cf. Espinoza v. Thomas,* 189 Mich.App. 110, 119, 472 N.W.2d 16 (1991) ("[I]f all other requisites of a battery against the plaintiff are satisfied, contact with the car the plaintiff occupies is sufficient to establish a battery.").

The critical commonality here is that both Wood and the Taeles personally witnessed the tragic accidents that killed their friend and daughter, respectively, and thus were "directly involved" in the tortfeasors' negligent conduct. No reasonable person could characterize their claims of emotional distress as spurious. Based on the foregoing, I would hold that the Taeles' emotional distress constitutes "bodily injury" for purposes of State Farm's UM policy, reverse the trial court's grant of summary judgment in favor of State Farm, and remand for further proceedings.

---

**5.** At the risk of appearing quixotic, I must reiterate my belief that

the time has come to clear the decks of the so-called "impact rule" and ... allow the tort of negligent infliction of emotional distress to stand on its own inherent elements. If we trust jurors to determine whether a criminal defendant should live or die, then we should consider them capable of deciding whether a claimant's serious emotional trauma is both legitimate and reasonable, without imposing any artificial impediment to recovery.

*Ketchmark v. NIPSCO,* 818 N.E.2d 522, 526–27 (Ind.Ct.App.2004) (Crone, J., dissenting).